**Joseph Thomas GRESHAM, Jr.,**
**Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 18573.**

United States Court of Appeals
Eighth Circuit.

March 30, 1967.

————◆————

Earl L. Davis, St. Louis, Mo., for ap-·pellant.

Irvin Ruzicka, Asst. U. S. Atty., St. Louis, Mo., for appellee. Richard D. FitzGibbon, Jr., U. S. Atty., St. Louis, Mo., was with him on the brief.

Before MATTHES, BLACKMUN and MEHAFFY, Circuit Judges.

PER CURIAM.

Joseph Thomas Gresham, Jr., has appealed from a judgment of conviction entered pursuant to a jury verdict finding him guilty of violating 18 U.S.C. § 2312 (1948), commonly known as the "Dyer Act." [1]

The sufficiency of the evidence to sustain the verdict is not challenged.[2] From the uncontradicted evidence the jury could find that on June 27 or June 28, 1966 appellant transported a 1965 Ford Mustang from Blytheville, Arkansas to Charleston, Missouri. The automobile had been stolen in Blytheville on the evening of June 27th. The circumstances antedating appellant's arrest and apprehension strongly indicate that he actually stole the automobile, and were sufficient to establish the element of scienter.

Appellant's sole claim of error is that he was effectively deprived of a fair trial by the admission into evidence, over objection, of the following testimony of the arresting officer:

"Q. Had you received a report that the defendant was armed?

"A. Yes, I did.

(Following a colloquy between Court and counsel, the examination continued:)

"Q. Officer, you arrested Joseph Thomas Gresham, did you not?

"A. Yes, I did.

"Q. At the time of the arrest you didn't find a gun on him, did you?

"A. Not on the first search I didn't."

---

1. Appellant has had a proclivity for stealing automobiles. During the hearing before the court, prior to the imposition of sentence, appellant admitted that between 1945 and 1963 he had been convicted at least five times for Dyer Act violations or for thefts of various automobiles.

2. Defendant did not testify in his own behalf or offer any evidence during the trial.

Appellant's basic premise seems to be that this was a "close case", and that the mere reference to a gun depicted the appellant as an "armed man." It is contended such characterization swung the balance in favor of the Government.

We disagree. Having considered the questioned testimony in context, we are not persuaded that its admission constituted error. But even if we were to indulge in that assumption, we are convinced the error was harmless. Contrary to appellant's assertion, this was not a weak case. The evidence of guilt was strong and convincing.

Rule 52(a), Fed.R.Crim.P., provides that any error which does not affect substantial rights shall be disregarded. The Courts have uniformly held that prejudicial error must be shown before a reversal is justified. Kotteakos v. United States, 328 U.S. 750, 764–765 (1946); Tucker v. United States, 375 F.2d 363 (8th Cir. March, 1967); Osborne v. United States, 351 F.2d 111, 117 (8th Cir. 1965); Evenson v. United States, 316 F.2d 94, 95 (8th Cir. 1963). The strength of the Government's case is an important factor in determining the existence of prejudicial error. Patterson v. United States, 361 F.2d 632, 636 (8th Cir. 1966); Jacobson v. United States, 356 F.2d 685, 689 (8th Cir. 1966); Brown v. United States, 283 F.2d 792, 797–798 (8th Cir. 1960); Thomas v. United States, 281 F.2d 132, 136 (8th Cir. 1960), cert. denied, 364 U.S. 904, 81 S.Ct. 239, 5 L.Ed.2d 196 (1960); Homan v. United States, 279 F.2d 767, 770–771 (8th Cir. 1960), cert. denied, 364 U.S. 866, 81 S.Ct. 110, 5 L.Ed.2d 88 (1960).

We have carefully examined the entire record and are satisfied that the impropriety complained of had no prejudicial effect upon the jury. Appellant received a fair trial, and the judgment should be and is affirmed.