**UNITED STATES of America,**
**Appellee,**

v.

**Donald Louis LINES, Appellant.**

**No. 71–1439.**

United States Court of Appeals,
Eighth Circuit.

Submitted May 12, 1972.

Decided June 14, 1972.

Rehearing and Rehearing En Banc
Denied July 10, 1972.

Charles M. Shaw, Clayton, Mo., filed typewritten brief for appellant.

Daniel Bartlett, Jr., U. S. Atty., and Robert B. Schneider, Asst. U. S. Atty., St. Louis, Mo., filed brief for appellee.

Before MATTHES, Chief Judge, HEANEY and STEPHENSON, Circuit Judges.

HEANEY, Circuit Judge.

The defendant, a licensed dealer in firearms, has appealed his conviction on four counts of violating the federal gun control laws. His conviction was for:

(1) violating 26 U.S.C. §§ 5861(d) and 5871 by possessing an anti-tank rifle which had not been registered to him;

(2) violating 26 U.S.C. §§ 5861(e) and 5871 by transfering this anti-tank rifle without paying the transfer tax required by 26 U.S.C. § 5811 and without filing the written application required by 26 U.S.C. § 5812;

(3) violating 18 U.S.C. §§ 922(b) (5) and 924(a) by selling a rifle without recording the name, age, and place of residence of the buyer; and

(4) violating 18 U.S.C. §§ 922(b) (5) and 924(a) by selling a pistol without recording the name, age, and place of residence of the buyer.

The defendant was given a general sentence for a maximum period of five years under the provisions of 18 U.S.C. § 4208(b). On appeal, he makes three contentions.

■ The defendant first argues that testimony relating to his association with a white citizens' group was improper character evidence particularly likely to be damaging in this case, where five of the jurors were black. The defendant objected each time such testimony was elicited. The trial judge sustained the defendant's objections, ordered the testimony stricken, and admonished the jury to disregard it. While the prosecuting attorney was too persistent in pursuing this line of questioning, the trial judge reprimanded him; and in addition to striking the testimony, the judge admonished the jury that there was no proof that the defendant was a member of the white citizens' group. The defendant did not request a mistrial. He did not indicate that he considered the admonitions of the trial judge to be inadequate. In contrast, the defendant did request a mistrial following other allegedly improper testimony, even though the judge had sustained his objections and had admonished the jury.

Furthermore, the strong and convincing quality of the government's case, relating to counts three and four, con-

vinces us that this testimony, which the jury was admonished to disregard, did not substantially sway the jury's verdict on these counts. See, Kotteakos v. United States, 328 U.S. 750, 764–765, 66 S. Ct. 1239, 90 L.Ed. 1557 (1946); United States v. Straughan, 453 F.2d 422, 427–428 (8th Cir. 1972); Gresham v. United States, 374 F.2d 389 (8th Cir. 1967).

In light of these factors, we cannot say that the trial court's failure to declare a mistrial sua sponte was plain error. See, Buick v. United States, 396 F.2d 912, 914 (9th Cir. 1968), cert. denied 393 U.S. 1068, 89 S.Ct. 724, 21 L. Ed.2d 711 (1969); Bayless v. United States, 365 F.2d 694, 696 (10th Cir. 1966). See also, Goodman v. United States, 273 F.2d 853, 860 (8th Cir. 1960). We are not convinced that a "plain miscarriage of justice" has occurred. See, McIntyre v. United States, 380 F.2d 822, 825, n. 1 (8th Cir.), cert. denied, 389 U.S. 992, 88 S.Ct. 493, 19 L. Ed.2d 487 (1967).

■ The defendant next argues that the trial court erred in failing to grant the defendant's request for a mistrial when, on direct examination, a government witness testified concerning a machine gun which was not listed in the indictment. While the court did not declare a mistrial, it sustained the defendant's objections, admonished the jury to disregard the testimony and instructed the prosecuting attorney to confine himself to the issues in this case. The brief statement made by the government witness was vague and did not specifically link the defendant to any illegality. This line of questioning was not pursued. In light of these factors and the strength of the government's case, we do not believe that the court's failure to declare a mistrial was an abuse of discretion. Nor do we believe that the jury's verdict on counts three and four was substantially swayed by the testimony.

■ The defendant finally argues that meeting the statutory requirements of § 5861(d) and (e) could have com-

pelled him to incriminate himself and, thus, he could not constitutionally be prosecuted under counts one and two. One answer to this statement is that the defendant was given a general sentence sustainable on the convictions under counts three and four. United States v. Bessesen, 433 F.2d 861, 867 (8th Cir. 1970), cert. denied, 401 U.S. 1009, 91 S. Ct. 1254, 28 L.Ed.2d 545 (1971); Truchinski v. United States, 393 F.2d 627 (8th Cir.), cert. denied, 393 U.S. 831, 89 S.Ct. 104, 21 L.Ed.2d 103 (1968). The evidence on counts one and two did not taint the jury's verdict on the other counts and the danger that adverse, collateral legal consequences might flow from a failure to rule on this constitutional question appears to be remote. United States v. Bessesen, *supra*, 433 F. 2d at 867. See, Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969).

While we sustain the defendant's conviction on the basis of counts three and four, we note that the Supreme Court has rejected the defendant's contention that conviction under 26 U.S.C. § 5861(d) violates the right against self-incrimination of one charged with possession of an unregistered firearm. United States v. Freed, 401 U.S. 601, 91 S.Ct. 1112, 28 L.Ed.2d 356 (1971). The constitutionality of a conviction under 26 U.S.C. § 5861(e) has also been sustained when applied to a transferor of an unregistered firearm. United States v. Oba, 448 F.2d 892 (9th Cir. 1971). See, United States v. Shafer, 445 F.2d 579 (7th Cir.), cert. denied, 404 U.S. 986, 92 S.Ct. 448, 30 L.Ed.2d 370 (1971); United States v. Lauchli, 444 F.2d 1037 (7th Cir.), cert. denied, 404 U.S. 868, 92 S.Ct. 162, 30 L.Ed.2d 112 (1971). But we have not so held and would prefer to wait until we are required to deal with this question and the problem it presents. Cf., Kilcrease v. United States of America, 457 F.2d 1328 (8th Cir. 1972).

Affirmed.