**UNITED STATES of America,**
**Appellee,**

v.

**William Arnett BURTON, Appellant.**

**No. 73–1160.**

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 14, 1973.

Decided Oct. 9, 1973.

Gary Eldredge, Kansas City, Mo., for appellant.

Bert C. Hurn, U. S. Atty., and Anthony P. Nugent, Jr., Asst. U. S. Atty., Kansas City, Mo., for appellee.

Before GIBSON and BRIGHT, Circuit Judges, and SMITH,* Senior District Judge.

PER CURIAM.

The defendant, William Burton, was convicted by a jury on three counts of an indictment charging violations of 26 U.S.C. §§ 5861(c), (d) and (j)[1] in the United States District Court for the Western District of Missouri, the Honorable Elmo B. Hunter presiding. He was sentenced to a term of seven years on each of the three counts, to be served concurrently.

On this appeal, defendant asserts three grounds of error: (1) illegal search and seizure, (2) insufficiency of the evidence to sustain the conviction, and (3) prejudicial error in the admission of photographs.

I. *Search and Seizure.*

The defendant made a pre-trial motion for the suppression of two weapons seized by officers of the Kansas City Missouri Police Department at the time of defendant's arrest on a Missouri gambling charge. It was one of these weapons which formed the basis of the present charges.

After a hearing on the motion, Judge Hunter ruled that the weapons were admissible as the search and seizure were incidental to a valid arrest, and alternatively, that the seizure was justified by the "plain view" exception to the warrant requirement. We agree.

Officers Williams and Kimball of the Kansas City Police Department were dispatched to the scene of defendant's arrest upon information relating to armed men at a dice game and a possible hold-up. The officers were met outside the building by two men, the operators of the dice game, who described the men believed to be armed and pointed out the location of the game. The officers then entered the building, with Officer Williams in the lead carrying a police department shotgun. When he reached the doorway of an inner room, he observed a dice game in progress and ordered the participants to put their hands on the table. He noticed the defendant tugging at his waistband and then heard a shotgun blast. The defendant fell to the floor and a weapon, the sawed-off shotgun in this case, was observed protruding from the defendant's torn pant leg where the defendant had apparently shot himself.

---

* The Honorable Talbot Smith, Senior District Judge, Eastern District of Michigan, sitting by designation.

1. 26 U.S.C. § 5861 provides:
"It shall be unlawful for any person—
* * *
"(c) to receive or possess a firearm made in violation of the provisions of this chapter; or

"(d) to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Board; or
* * *
"(j) to transport, deliver, or receive any firearm in interstate commerce which has not been registered as required by this chapter. . . ."

Defendant contends that his arrest was without probable cause, thereby invalidating the subsequent seizure of the weapon. Mo.Rev.Stat. § 563.410 V.A.M.S.[2] makes participation in a dice game a misdemeanor. Mo.Rev. Stat. § 84.710 V.A.M.S. gives Kansas City police officers the power to arrest without a warrant, "any person they see violating or whom they have reason to suspect of having violated any law of the state or ordinance of the city." As Officer Williams observed defendant participating in a dice game, the arrest was valid. The officers, therefore, were justified in conducting a search of his person and the area within his immediate control. Chimel v. California, 395 U.S. 752, 763, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). There is no requirement that the arrest, to support such a search, be under the authority of a warrant. Ker v. California, 374 U.S. 23, 41, 83 S. Ct. 1623, 10 L.Ed.2d 726 (1963).

The seizure is also sustainable under the "plain view" exception to the warrant requirement as the weapon was in the plain view of the officer who was in a position where he had a right to be. Harris v. United States, 390 U.S. 234, 236, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968). No error was committed in not suppressing the weapon at trial.

## II. *Sufficiency of the Evidence.*

The defendant challenges the sufficiency of the evidence to support his conviction. His challenge is directed at the evidence supporting his conviction on the count alleging transportation in interstate commerce. The defendant received concurrent sentences on each of the three counts, and if the conviction underlying any of the concurrent sentences is valid, reversal is not required. Kilcrease v. United States, 457 F.2d 1328, 1331 (8th Cir. 1972); United States v. Bessesen, 433 F.2d 861, 867 (8th Cir. 1970), cert. denied, 401 U.S. 1009, 91 S.Ct. 1254, 28 L.Ed.2d 545 (1971).

Mindful that, "we must, as an appellate court, view the evidence in the light most favorable to sustaining the jury verdict, and we accept as established all reasonable inferences that tend to support the jury's determination," United States v. Briddle, 430 F.2d 1335, 1337–1338 (8th Cir. 1970), we find there is ample evidence to support the jury's verdict on the charge of possessing an unregistered firearm. In brief, there was testimony from the operator of the dice game that he observed defendant with the shotgun tucked into his pants, and testimony from Officer Williams that the shotgun was right at defendant's feet immediately after the shot was heard. The government introduced a certification from the custodian of records of the National Firearm Registration Board that the shotgun in question was not registered to the defendant. There was sufficient evidence to establish, beyond a reasonable doubt, the guilt of the defendant upon the count alleging possession of an unregistered firearm, in violation of 26 U.S.C. § 5861(d).

## III. *Introduction of Photographs.*

The defendant claims that photographs of the scene introduced at trial showing "blood and gore all over the room" had the effect of unduly inciting prejudice against him. The record shows that the trial court felt the photographs were helpful to the jury in determining the positions of the parties in the room where the guns were found, and the view afforded the police officer. The pictures were in black and white and the trial judge did not believe the jury would be shocked by them. As we stated in Johnson v. United States, 362 F.2d 43, 46 (8th Cir. 1966):

"The admissibility of photographs is left to the sound discretion of the

2. Section 563.410 provides in pertinent part: "If any person shall play at any game whatsoever for money, property or gain, with cards, dice, or any other device which may be adapted to or used in playing any game of chance . . . every such person shall be deemed guilty of a misdemeanor. . . ."

trial court and will not be overturned except for a clear abuse of discretion."

We find no abuse of discretion in allowing introduction of the photographs.

Judgment of conviction affirmed.