**UNITED STATES of America,**
**Appellee,**

v.

**Joey Lee MOON, Appellant.**

**No. 73–1334.**

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 17, 1973.

Decided March 6, 1974.

---

Ralph Edwards and John J. Bahnak, Jr., St. Louis, Mo., for appellant.

Donald J. Stohr, U. S. Atty., and Thomas Earl Loraine, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before LAY and BRIGHT, Circuit Judges, and EISELE, District Judge.*

PER CURIAM.

The defendant, Joey Lee Moon, was charged by juvenile information with possession of a firearm which had not been registered to him pursuant to the relevant provision of 26 U.S.C. § 5861(d), which reads:

It shall be unlawful for any person—

\* \* \* \* \* \*

(d) to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record.

The district court convicted him of violating such provision following a bench trial. Moon brings this timely appeal contending that § 5861(d), as applied, violated his Fifth Amendment right to due process. We reject this contention and affirm.

The facts disclose that the police, while investigating a motor vehicle acci-dent, observed and removed a sawed-off shotgun from Moon's automobile. Moon claimed that he found the gun and that he kept it for two weeks to "show off." On these facts, the trial court rendered a guilty verdict.

On appeal, Moon argues that since he had found an abandoned weapon, any prosecution against him for possession of the weapon would be unreasonable and, therefore, a denial of due process. We disagree.

In order to convict Moon, the government had to establish the following elements: (1) that defendant knowingly possessed the firearm; (2) that the object possessed was in fact a firearm; and (3) that such firearm was unregistered. United States v. Freed, 401 U.S. 601, 612, 91 S.Ct. 1112, 28 L.Ed.2d 356 (1971) (Brennan, J., concurring). The government made such showing here. The prosecution needed to prove no more.

In United States v. Johnson, 441 F.2d 1134, 1136 (5th Cir. 1971), the court stated, in response to a charge that the statute was unconstitutionally vague, that "possession of such firearm, if unregistered, whether abandoned or not, is prohibited." Moreover, in Milentz v. United States, 446 F.2d 111 (8th Cir. 1971), we said that "specific intent to violate the law [§ 5861(d)] is not a necessary element of the crime," but we stressed that the act of possession of the weapon must be "willing and knowing." Id. at 113, 114. The prosecution made a showing that Moon was not merely an innocent finder but rather a possessor of the weapon who kept the shotgun in his automobile for two weeks for "kicks" and to "show off" to his friends.

Thus, we hold the conviction proper and the appeal without merit.

Affirmed.

EISELE, District Judge, concurs in the result.

* G. THOMAS EISELE, District Judge, Eastern District of Arkansas, sitting by designation.