**UNITED STATES of America,
Appellee,**

v.

**John ACKERSON, Appellant.**

**No. 74–1064.**

United States Court of Appeals,
Eighth Circuit.

Submitted June 11, 1974.

Decided Aug. 29, 1974.

---

Thomas J. Frawley, St. Louis, Mo., for appellant.

J. Patrick Glynn, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before LAY, HEANEY and ROSS, Circuit Judges.

HEANEY, Circuit Judge.

Defendant John Ackerson was convicted on both counts of a two-count indictment. Count I charged the defendant with violating 26 U.S.C. §§ 5861(c) and 5871 by possessing a sawed-off shotgun which was made without payment of a making tax as required by 26 U.S.C. § 5821. Count II charged him with violating 26 U.S.C. §§ 5861(d) and 5871 by possessing the same gun which had not been registered to him in the National Firearms Registration and Transfer Record. He was sentenced to six years on each count, the sentences to run concurrently. He raises a number of issues on appeal, none of which are meritorious. We affirm the conviction.

## I. DOUBLE JEOPARDY.

■ The defendant's assertion that he was placed in double jeopardy, by being tried in federal court for violations of the National Firearms Act after having been previously tried and convicted in state court of carrying a concealed weapon (the same sawed-off shotgun), is without merit. See, Abbate v. United States, 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729 (1959); Ferina v. United States, 340 F.2d 837 (8th Cir.), cert. denied, 381 U.S. 902, 85 S.Ct. 1446, 14 L.Ed.2d 284 (1965).

■ The defendant claims further that his prosecution by the federal government violates a Department of Justice policy under which persons convicted in state court for a crime involving the same acts are not federally prosecuted unless compelling reasons are present and specific approval is obtained from a designated Assistant Attorney General. The alleged policy statement was not made a part of the record, and the claim was not presented to the District Court. On this record, we are, therefore, unable to say that there is such a policy. Thus, we are not prepared to express an opinion as to the effect on a prosecution of not following the policy if there, in fact, is one. But see, United States v. Hutul, 416 F.2d 607, 626–627 (7th Cir. 1969), cert. denied, 396 U.S. 1012, 90 S.Ct. 573, 24 L. Ed.2d 504 (1970).

## II. SPEEDY TRIAL.

The Supreme Court has indicated that four factors are to be considered in determining whether a defendant has been deprived of his Sixth Amendment right to a speedy trial: "Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).

■ When we balance these factors, we do not believe that the defendant, whose trial occurred within seventeen months after he was arrested, has made a sufficient showing to justify setting aside his conviction. See, Brooks v. United States, 423 F.2d 1149, 1152 n.4 (8th Cir.), cert. denied, 400 U.S. 872, 91

S.Ct. 109, 27 L.Ed.2d 111 (1970). The trial was initially delayed because the government was unaware of the defendant's location and thereafter because of his incarceration in a state prison. The defendant did not assert his right to a speedy trial until shortly before trial. Moreover, the defendant concedes that he was not prejudiced in the preparation of his defense. He asserts only that he lost the possibility of serving his state and federal sentences concurrently. A delay in bringing a person to trial because he is incarcerated by another jurisdiction may be oppressive and require a reversal of a conviction. *See,* Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L. Ed.2d 607 (1969). But the circumstances here do not require that result. *See,* United States v. Cabral, 475 F.2d 715 (1st Cir. 1973).

### III. MOTION TO SUPPRESS.

The defendant maintains that the District Court erred in failing to suppress certain evidence: the firearm seized from him when he was arrested and a statement made by him to a federal officer in the city jail the day after his arrest. He argues that this evidence was secured in violation of Rule 5(a) of the Federal Rules of Criminal Procedure. That rule provides that an arresting officer must take the arrested person without unnecessary delay before the nearest available commissioner. The defendant asserts that he was not taken to a commissioner for months after his arrest.

■■ The short answer to the defendant's contention with respect to the firearm is that it was seized by state authorities and properly held by them for purposes of the defendant's state trial. Moreover, state law with respect to the issuance of an arrest warrant by a neutral magistrate was strictly complied with. *Compare,* United States v. Nygard, D.C., 324 F.Supp. 863, 868 (1971). The state was not obligated to return the firearm to the defendant after the completion of the state proceedings, and the defendant cannot assert that his right to be brought before a commissioner was violated by the state's action in turning over the gun to the federal authorities.

■ The defendant's objection to the admissibility of the statement made to Special Agent Bennett was not made at the trial or at the suppression hearing, but is raised for the first time on appeal.[1] His failure to make timely objection waives any rights he may have had to have the statement excluded because of unreasonable delay in being brought before a commissioner, and the contention is, therefore, not properly before us. United States v. Mills, 434 F. 2d 266, 273 (8th Cir. 1970), cert. denied, 401 U.S. 925, 91 S.Ct. 908, 27 L.Ed.2d 828 (1971); United States v. Mooney, 417 F.2d 936 (8th Cir. 1969), cert. denied, 397 U.S. 1029, 90 S.Ct. 1280, 25 L. Ed.2d 541 (1970).

### IV. MOTION FOR DIRECTED VERDICT OF ACQUITTAL ON COUNT I.

■ The defendant stipulated at trial as follows:

> Specifically it is agreed that the firearm described in the indictment in Count II has been made without the payment of the making tax as required by § 5821, Title 26 U.S.C.

After trial, the defendant moved for a directed verdict of acquittal on the ground that the stipulation entered into by defense and government counsel was insufficient to show that the firearm was made in the United States. He relied on United States v. Goodson, 439 F. 2d 1056 (5th Cir. 1971), which held that it is necessary to prove that a firearm was made in the United States to subject it to the making tax. The trial court denied the motion reasoning:

> In this case, it was stipulated that the firearm described in the indictment had been made without the pay-

---

1. The broad pretrial motion made under Rule 5(a) might conceivably be read to embrace the statement, but the memorandum submitted to the District Court presented only the issue of the shotgun, and no objection was made at trial to Bennett's testimony.

ment of the making tax as required by 5821, and obviously the requirements of 5821 are that the gun be made in the United States, and that —I think that that is inherent in the stipulation that has been entered into between the Government and the Defendant and his attorney.

We agree with the trial court's reasoning. The stipulation fairly read admits the firearm was made in the United States. The defendant, having agreed to the stipulation, cannot now be permitted to argue that the government failed to introduce evidence to show that the gun was made in the United States.

## V. MOTION FOR DIRECTED VERDICT OF ACQUITTAL ON COUNT II.

The defendant next contends that his motion for directed verdict of acquittal on Count II ought to have been granted because the evidence did not show that he was a "transferee" and because the evidence showed that he only had possession of the firearm for ten minutes, an insufficient period to permit him to register the weapon. The answer to this contention is threefold:

■ First, whether the defendant was a transferee or a finder is irrelevant to a determination of guilt under § 5861(d). That section makes it unlawful "to receive *or possess* a firearm which is not registered to him." (Emphasis supplied.) In United States v. Johnson, 441 F.2d 1134, 1136 (5th Cir. 1971), the Fifth Circuit declared that "possession of such a firearm, if unregistered, whether abandoned or not, is prohibited." Our Court quoted and embraced that view in United States v. Moon, 492 F.2d 902, 903 (8th Cir. 1974), where the defendant claimed that he had merely found the weapon. We stated:

> In order to convict Moon, the government had to establish the following elements: (1) that defendant knowingly possessed the firearm; (2) that the object possessed was in fact a firearm; and (3) that such firearm was unregistered. * * * The prosecution needed to prove no more.

*Id.* at 903 (Citation omitted.).

■ Second, were the distinction relevant, the testimony of Special Agent Bennett was sufficient to permit the jury to find that the defendant was a transferee. The contradictory statement given by the defendant does not dispel that evidence since the jury is always free to reject testimony on the basis of credibility.

■ Third, given the design of the current Act, the defendant's argument that he should have been given time to register the weapon is fallacious; no matter how much time he were given, it would not be possible for him to register the firearm. This was decisively settled by the Supreme Court in United States v. Freed, 401 U.S. 601, 603–604, 91 S.Ct. 1112, 1115, 28 L.Ed.2d 356 (1971), when it said:

> * * * Under the present Act only possessors who lawfully make, manufacture, or import firearms can and must register them; *the transferee does not and cannot register.* * * * (Emphasis included.)

Assuming arguendo that defendant was a finder, he still could not register the weapon for, as this Court said in Milentz v. United States, 446 F.2d 111, 113 (8th Cir. 1971):

> * * * valid possession may be obtained only if a lawful possessor lawfully registers the transfer of the weapon. * * * (Citation omitted.)

It may take only a split second for the recipient of a firearm to decide that he will assert dominion and control over it, but

> * * * violation of the new Act occurs when a person elects to take possession of a firearm that is contraband inasmuch as it is not registered. * * *

United States v. Valentine, 427 F.2d 1344, 1346 (8th Cir. 1970).

It is precisely because it is impossible for a recipient of a firearm to register it that one is compelled to reach the conclusion that "[t]he length of time of the possession is not material." United States v. Sanders, 462 F.2d 122, 124 (6th Cir. 1972). *Accord,* United States

v. Tankersley, 492 F.2d 962, 967 (7th Cir. 1974). The dictum to the contrary in Sizemore v. United States, 393 F.2d 656, 658 n. 1 (8th Cir. 1968), was in relation to an entirely different statute— one which did allow a transferee or finder to register. When that statute was repealed, the *Sizemore* dictum lost its validity.

## VI. FAILURE OF THE DISTRICT COURT'S INSTRUCTIONS UNDER COUNT II TO REQUIRE THE JURY TO DETERMINE WHETHER THE DEFENDANT WAS A FINDER OR A TRANSFEREE.

No challenge to the District Court's instructions were made by the defendant. He now contends, however, that it was plain error not to instruct the jury that the defendant should be acquitted if he were a finder rather than a transferee. As we have stated above, § 5861 does not speak of "finders" and "transferees," but rather of persons who "receive or possess" an unregistered firearm. Since the distinction of finder and transferee is irrelevant to the offense, there was no error in the instructions as given.

## VII. FAILURE TO INSTRUCT THE JURY THAT THE DEFENDANT COULD NOT BE CONVICTED ON BOTH COUNTS I AND II.

 Finally, the defendant contends that his conduct in possessing the firearm constituted but one offense, and that it was error not to instruct the jury that he could be convicted under each count, but not under both counts. Such multiple convictions have been upheld in the past in our Circuit, without discussion of defendant's contention. *See e.g.,* Brinlee v. United States, 496 F.2d 351 (8th Cir. 1974); United States v. Burton, 485 F.2d 715 (8th Cir. 1973); United States v. Lines, 461 F.2d 282 (8th Cir.), cert. denied, 409 U.S. 986, 93 S.Ct. 338, 34 L.Ed.2d 251 (1972); United States v. Kiliyan, 456 F.2d 555 (8th Cir. 1972); Langel v. United States, 451 F.2d 957 (8th Cir. 1971).

The Ninth Circuit recently held, as a matter of statutory interpretation, that a defendant may be *convicted* of multiple counts under § 5861(c), (d) and (f), but may not receive a total *sentence* exceeding ten years for one course of conduct violating that section (the maximum sentence which may be imposed for any violation of the National Firearms Act. 26 U.S.C. § 5871). United States v. Clements, 471 F.2d 1253 (9th Cir. 1972). We agree with that interpretation and join the Seventh Circuit in adopting it. *See,* United States v. Tankersley, *supra.*

In *Clements*, the defendant received consecutive ten-year sentences under each of three counts under (c), (d) and (f), and the Court remanded the case because the cumulative sentences, exceeded ten years. Yet, the multiple convictions were sustained under the following reasoning:

> The issue is not whether Congress could have authorized the imposition of cumulative sentences for the offenses with which Clements was charged. There is no constitutional impediment to Congress' authorizing cumulative sentences for a single act that may violate more than one statute when the offenses created by the statutes are not identical. The offenses with which Clements was charged are not identical because a different set of ultimate facts is necessary to sustain a conviction under each count. * * * The difference between the ultimate facts necessary to prove failure to pay a tax and failure to register is obvious. * * *

United States v. Clements, *supra* 471 F.2d at 1254 (Citations omitted.).

If there was any doubt as to the defendant's contention, it was dispelled in United States v. Jones, 487 F.2d 676 (9th Cir. 1973), where the defendant had been given a sentence not exceeding the ten-year maximum for multiple convictions under § 5861(d), (e) and (i):

> Clements is clearly distinguishable from this case, for it proscribes only cumulative *punishment* for offenses

arising under the National Firearms Act, not *conviction* on multiple counts. \* \* \* Congress has the power to establish that a single act constitutes more than one offense, at least as long as each offense requires proof of a fact the other does not. \* \* \* The policy [of the Act] was not to force the government to elect a single offense to prosecute. Therefore, Jones was properly tried and convicted on multiple counts. \* \* \*

*Id.* at 679 (Emphasis included; citations omitted.).

Following defendant Ackerson's conviction under both § 5861(c) and (d), he was sentenced to two six-year terms to be served concurrently. Since the total sentence does not exceed the ten-year maximum set by § 5871, there is no merit to his claim that he has been unjustly convicted of multiple offenses for one course of conduct.

Affirmed.