UNITED STATES of America,
Appellee,

v.

Arman KILIYAN, Jr., Appellant.

No. 74–1426.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 11, 1974.

Decided Nov. 1, 1974.

Certiorari Denied Feb. 24, 1975.
See 95 S.Ct. 1333.

Donald L. Schlapprizzi, St. Louis, Mo., for appellant.

Richard E. Coughlin, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before VAN OOSTERHOUT, Senior Circuit Judge and HEANEY and STEPHENSON, Circuit Judges.

HEANEY, Circuit Judge.

Arman Kiliyan, Jr., was convicted on two counts of violating federal firearms statutes. Count I involved the making of firearms (two hand grenades) without filing application and without payment of a making tax, in violation of 26 U.S.C. § 5861(f). Count II involved the transfer of the same firearms without paying a transfer tax, in violation of 26 U.S.C. § 5861(e).[1] The sole issue raised on appeal is whether the District Court erred in denying the petitioner's request to vacate and correct the imposition of two consecutive eight-year prison sentences, in light of 26 U.S.C. § 5871,

---

1. The indictment, arrest warrant, judgment, affirmance [United States v. Kiliyan, 456 F. 2d 555 (8th Cir. 1972)], and most of the pleadings erroneously cite 26 U.S.C. § 5861(c) as the basis of Count II, rather than § 5861(e). It has been clear from the outset, however, that the second count involves failure to pay a transfer tax, which is governed by § 5861(e).

If the second count were truly based on § 5861(c), which proscribes possession of a firearm upon which a making tax has not been paid, the sentencing issue raised on appeal here would be identical to that in United States v. Clements, 471 F.2d 1253 (9th Cir. 1972), and we would agree that the maximum total sentence could not exceed ten years. *See*, United States of America v. Ackerson, 502 F.2d 300 (8th Cir., 1974).

which provides for a maximum prison sentence of ten years for violation of "any provision" of the firearms chapter.

In support of his contention, the petitioner points to United States v. Clements, 471 F.2d 1253 (9th Cir. 1972), and United States of America v. Ackerson, 502 F.2d 300 (8th Cir., 1974), each of which held that the punishment meted out to the defendant for certain multiple violations of the firearms statute could not exceed ten years. As in those two cases, there is no question but that Congress had the power under the Constitution to impose cumulative sentences for the offenses for which the petitioner was charged. The question is solely one of statutory interpretation. For reasons set forth below, we hold that *Clements* and *Ackerson* are not controlling here, and that the total sentence of sixteen years given to the petitioner was permissible under § 5871.[2]

In *Clements*, the defendant was convicted of violating § 5861(c) (possession of a firearm upon which a making tax had not been paid), § 5861(d) (possession of a firearm which had not been registered to him), and § 5861(f) (making a firearm without payment of a making tax). The Court, in deciding that the statute did not allow cumulative punishment exceeding ten years, stressed that a "single transaction" was involved:

> The effect of the Government's construction of the Act * * * was to divide the single transaction of unlawfully making a firearm into three separate offenses, which could be aggregated to pyramid punishment. * * *

United States v. Clements, *supra*, 471 F.2d at 1254.

In *Ackerson*, the defendant was convicted of violating § 5861(c) (possessing a firearm upon which a making tax had not been paid) and § 5861(d) (possessing a firearm which had not been registered to him). In dictum, since he had not in fact been sentenced to more than ten years, this Court declared that the cumulative sentence for the unlawful possession of the gun could not properly exceed ten years. In so holding, we spoke of "one course of conduct" by the defendant.[3] United States of America v. Ackerson, *supra*, 502 F.2d at 305, 306.

The theory underlying *Ackerson's* "one course of conduct" language, as well as *Clements'* "single transaction" language, was a theory of merger, tracing its roots at least as far back as Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957). That case held that when Congress prescribed a twenty-year sentence for bank robbery and a twenty-year sentence for entry of a bank with intent to commit a felony therein, it had not intended that a defendant who had committed bank robbery could be sentenced to more than twenty years. In reaching its decision, the Court relied heavily on the fact that the latter offense had been "merged" with the former, since anyone who robs a bank presumably entered it with in-

---

2. The case relied upon by the District Court, United States v. Jones, 487 F.2d 676, 679 (9th Cir. 1973), does not furnish adequate support in and of itself for the ruling below. That case sustained cumulative sentences which did not exceed ten years and merely held, as we did in United States of America v. Ackerson, *supra*, that conviction on multiple counts was permissible. It did not deal with the question of when, if ever, cumulative sentences could properly exceed ten years.

3. The petitioner stresses that language, and insists that his offense, in making two hand grenades pursuant to a solicitation by a government agent and selling those grenades within the same day, amounted to but "one course of conduct." We reject the petitioner's attempt to turn that phrase into a magic touchstone in cases involving multiple offenses under the firearms statute. Obviously, the Ninth Circuit's language in *Clements* cannot serve as a touchstone either, since the possession which led to Ackerson's downfall cannot properly be defined as a "transaction."

tent to do so. *Id.* at 328–329, 77 S.Ct. 403.

 When we read *Clements* and *Ackerson* in the light of *Prince,* the reasons for their nonapplicability are apparent. In *Ackerson,* the defendant was dually charged for unlawfully possessing a firearm. Since it had been made without payment of a making tax, it was, as an inevitable incident to that unlawful making, obviously not going to be registered to him. Hence, the two offenses were merged. In *Clements,* the defendant's unlawful action was in making the firearm and retaining it. The Court there stressed that "possession is always incidental to making by the person who is the maker." United States v. Clements, *supra,* 471 F.2d at 1254. Again, the offenses were merged. Here, however, unlawful making and unlawful transfer are separate, non-merged offenses; transfer is *not* "always incidental to making by the person who is the maker."

We recognize that an argument can be made that Congress intended a single punishment for one who carries out a scheme to make and transfer a firearm. The argument is that the making and transfer prohibitions are but a small part of the grand regulatory scheme of the Act, aimed at controlling the distribution and possession of firearms through an elaborate system of registration and taxation. The contention is that, so long as each person who acts to keep a firearm out of the channels of registration and taxation is punished, the goal of the Act is achieved and it is not necessary to punish him more than once.

We do not believe, however, that the argument is valid where a making and a subsequent transfer are involved. First, the language of the statute declares that a person may be sentenced to ten years for violation of "any provision" of the Act. 26 U.S.C. § 5871. This is consistent with a maximum sentence of ten years for each offense. Second, the theory underlying a different result in the *Clements* and *Ackerson* cases does not apply here, because there is no merger of offenses. Third, as a matter of public policy, there are two distinct evils in the making and transferring of illegal firearms. By virtue of the separate offense of the transfer, the petitioner's ability to inflict damage by using his specialized knowledge of how to make grenades was magnified. For all of these reasons, we conclude that § 5871 contemplates multiple punishment for multiple offenses which are not merged and which each threaten unique danger to society. The acts of making an illegal firearm and of transferring that firearm are—at least on the facts of this case—offenses of that character. So long as the sentence imposed for either of those offenses did not exceed ten years, the sentence was according to law.

The District Court's denial of petitioner's motion for reduction of sentence is affirmed.