**Dennis Norman GIBLIN, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 75–1202.

United States Court of Appeals, Eighth Circuit.

Submitted June 12, 1975.

Decided Sept. 5, 1975.

Rehearing and Rehearing En Banc . Denied Sept. 25, 1975.

WEBSTER, Circuit Judge.

Dennis Giblin was convicted after a jury trial of violation of the Federal Kidnapping Act, 18 U.S.C. § 1201. The District Court[1] sentenced the defendant to 100 years in the custody of the Attorney General. In this appeal Giblin contends (1) that the evidence was insufficient to sustain a conviction under the Act; (2) that the District Court committed prejudicial error in admitting into evidence a black and white photograph of the skeleton of the victim, Robert Homeyer; (3) that the District Court erred in admitting prejudicial hearsay; and (4) that the sentence constituted cruel and unusual punishment in violation of the Eighth Amendment. We affirm.

On the evening of November 14, 1973, Giblin and Michael Mroczkowski visited the apartment of Robert Homeyer in South St. Louis. Earlier, the defendant had requested Mroczkowski to· obtain a pistol and had expressed to him his intention of killing Homeyer for cheating the defendant in a drug transaction. After arriving at Homeyer's apartment, the defendant accused Homeyer of "ripping him off", ordered Homeyer to search for the drugs, and, when Homeyer could not find the drugs, struck him in the head with the gun. After all three men then took a ride in the defendant's truck, the defendant stated in the victim's presence that he had to "waste" Homeyer. The three men continued to look for the drugs and when they could not find them, the defendant again hit Homeyer in the head. Mroczkowski then suggested that they kill Homeyer by making it look like a drug overdose. The defendant agreed, and the two men at gunpoint injected a solution of liquid drain cleaner, lighter fluid, and urine tablets into Homeyer's arm. When this failed to kill him, the two men took Homeyer out of his apartment and placed him between themselves in the front seat of the defendant's truck;

Theodore F. Schwartz, Clayton, Mo., for appellant.

Richard A. Heidenry, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before GIBSON, Chief Judge, WEBSTER, Circuit Judge, and DEVITT, District Judge.*

* The Honorable Edward J. Devitt, Chief Judge, United States District Court for the District of Minnesota, sitting by designation.

1. The Honorable James H. Meredith, Chief Judge, United States District Court for the Eastern District of Missouri.

Mroczkowski was holding the gun. They drove Homeyer to Illinois, where they stopped at a tavern operated by the defendant's grandmother. The three men then drove to a secluded area and, after forcing Homeyer to dig his own grave, the defendant shot and killed him. The grave was discovered one year later on November 14, 1974, following a grant of immunity of prosecution to Mroczkowski for his testimony concerning the crime.

## I.

The defendant first claims that the District Court erroneously overruled his motion for judgment of acquittal at the close of the government's case and at the end of the entire case because the evidence was insufficient to sustain a judgment of conviction. Specifically, the defendant contends that there was insufficient evidence to support a finding that Homeyer was, as is required by the Act, seized, confined, inveigled, decoyed, kidnapped, abducted or carried away and held for ransom, reward or otherwise. The defendant does not contest the sufficiency of the evidence of interstate transportation.[2]

When a challenge is made to the sufficiency of the evidence, it must be viewed in the light most favorable to the government. *United States v. Thomas,* 521 F.2d 76 (8th Cir. 1975); *United States v. Swanson,* 509 F.2d 1205, 1210 (8th Cir. 1975). We must accept as established all reasonable inferences from the evidence that tend to support the action of the jury. *United States v. Luciow,* 518 F.2d 298, 301 (8th Cir. 1975); *United States v. Hutchinson,* 488 F.2d 484, 489 (8th Cir. 1973), *cert. denied sub nom., Ennis v. United States,* 417 U.S. 915, 94 S.Ct. 2616, 41 L.Ed.2d 219 (1974). From our review of the record, we are satisfied that the jury could have found that the defendant was seized, inveigled,

abducted, kidnapped or otherwise involuntarily transported to Illinois. We reject the notion that either Homeyer's acquiescence in his mistreatment or his pathetic attempts at mollification compel the conclusion that he voluntarily accompanied the defendant into Illinois. We can scarcely imagine a state of facts in which coercion of the first magnitude was more evident.

## II.

At the defendant's trial, the government introduced into evidence over defendant's objection a black and white photograph of Homeyer's skeleton taken as the body was exhumed. The government also introduced without objection a substantially similar color photograph. The defendant claims that the black and white photograph was immaterial and that its probative value was outweighed by its prejudicial impact.

The admission of photographs is a matter within the sound discretion of the trial court. *United States v. Delay,* 500 F.2d 1360, 1366 (8th Cir. 1974); *United States v. Leach,* 429 F.2d 956, 962 (8th Cir. 1970), *cert. denied,* 402 U.S. 986, 91 S.Ct. 1675, 29 L.Ed.2d 151 (1971). The test to be applied is whether the prejudicial effect outweighs the probative value of the evidence. *See United States v. Delay, supra* (photograph of three murder victims allowed as material to establish the corpus delicti). To warrant reversal, there must be a clear abuse of discretion. *United States v. Burton,* 485 F.2d 715, 717–18 (8th Cir. 1973). The government was justifiably concerned that the testimony of its eyewitness might seem too bizarre to the members of the jury and, that, unless it was corroborated, the defense might successfully attack the likelihood that the victim, who was 6 feet 2 inches tall, climbed passively into his grave and

---

2. The Federal Kidnapping Act, 18 U.S.C. § 1201, provides:

    (a) Whoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person, . . . when:

    (1) the person is wilfully transported in interstate or foreign commerce;

    \* \* \* \* \* \*

shall be punished by imprisonment for any term of years or for life.

    \* \* \* \* \* \*

waited to be executed. The photograph showed the position of the body and its relationship to the defendant as testified to by Mroczkowski. We have examined both the black and white photograph complained of and the color photograph which was admitted without objection. We find no undue prejudice and reject this contention.

### III.

At the trial, Mroczkowski testified to a conversation between the defendant and his grandmother which occurred when the three men stopped at the tavern.[3] The District Court admitted this testimony over the defendant's hearsay objection. The defendant claims that this testimony constituted inadmissible, prejudicial hearsay.

■ Hearsay is testimony in court of an out-of-court statement offered to show the truth of the matters asserted in that statement. E. Cleary, McCormick's Handbook of the Law of Evidence § 246, at 584 (2d ed. 1972); *United States v. Conley,* 523 F.2d 650 (8th Cir. 1975). *See also* Fed.R.Evid. 801(c).

■ The statement of defendant to his grandmother that he was going to kill Homeyer was a material admission. To the doubtful extent that the grandmother's response could be deemed an "assertion",[4] it was harmless. In his brief, Giblin contends that the grandmother's statement was prejudicial since "it gave a vivid impression of the type of family to which appellant belonged. . . ." Appellant's Brief at 20. We do not think that the risk of prejudice was sufficient to compel the exclusion of the testimony. Compared with the defendant's own statement to his grandmother, *see* note 3 *supra,* it was mild indeed.[5]

### IV.

■ Finally, the defendant contends that the District Court's sentence of 100 years was a violation of the prohibition against cruel and unusual punishment of the Eighth Amendment. However, "a sentence imposed by a federal district judge, if within statutory limits, is generally not subject to review." *United States v. Tucker,* 404 U.S. 443, 447, 92 S.Ct. 589, 591, 30 L.Ed.2d 592 (1972). Only where the appellant has shown that the trial judge has failed to exercise his discretion or in exercising his discretion has manifestly or grossly abused that discretion will the appellate court intervene. *United States v. Conley, supra. See Woosley v. United States,* 478 F.2d 139 (8th Cir. 1973); *United States v. Delay, supra,* 500 F.2d at 1368. The defendant has not carried that burden.[6]

The judgment and sentence are affirmed.

---

3. The relevant portions of the testimony are as follows:

> Q. Now, what does Dennis [defendant] do?
> A. He's talking to his grandma on the porch of the tavern.
>
> *    *    *    *    *    *
>
> Q. Do you hear what's said?
> A. Dennis said he had to kill this guy and his grandma came out a little farther to see who was in the truck and she said, "Well, do it right."

4. *See* Advisory Committee's Note, Fed.R.Evid. 801(a).

5. At trial the government defended the statements because they were "made in the presence of the defendant." While the defendant's presence may under some circumstances make the evidence material to his knowledge or intent, *see United States v. Conley,* 523 F.2d 650 (8th Cir., 1975), not every third party statement made in the presence of the defendant is admissible as an exception to the hearsay rule. In this case the statement by the grandmother had already been quoted by the witness before defense counsel objected. His only basis for objection was "hearsay". He did not move to strike the answer or ask for a limiting instruction.

6. The record is also unpersuasive. Both the defendant and his counsel declined the District Court's invitation at allocution to speak in mitigation of punishment.