UNITED STATES of America, Appellee,

v.

Oscar J. NICHOLS, Appellant.

No. 83–2158.

United States Court of Appeals,
Eighth Circuit.

Submitted March 27, 1984.

Decided April 3, 1984.

Robert C. Babione, St. Louis, Mo., for appellant.

Thomas E. Dittmeier, U.S. Atty., Henry J. Fredericks, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before JOHN R. GIBSON, Circuit Judge, HENLEY, Senior Circuit Judge, and FAGG, Circuit Judge.

JOHN R. GIBSON, Circuit Judge.

Oscar J. Nichols appeals from the denial of his motion to correct sentence filed pursuant to Rule 35, Fed.R.Crim.P. He was sentenced to three five-year terms, to be served consecutively, and a fourth concurrently, as a result of his guilty plea to four counts of violating 26 U.S.C. § 5861 for possessing and transferring a sawed-off ri-

fle and a silencer. He argues on appeal that the sentences were unlawfully pyramided and that his total sentence should be only five years. We affirm.

On January 10, 1983 in Perry County, Missouri, Nichols sold to a government informant a .22 caliber sawed-off rifle that had a silencer attached to it by a set screw. As a result of this transaction, Nichols was charged in a six-count indictment with violating the National Firearms Act, 26 U.S.C. §§ 5801 *et seq.* In return for Nichols' agreement to plead guilty on the other counts, the government dropped Counts II and VI. Based on his pleas, Nichols was convicted on Count I of violating 26 U.S.C. § 5861(d) by possessing an unregistered sawed-off rifle, on Count III of violating section 5861(d) by possessing an unregistered silencer, on Count IV of violating section 5861(e) by transferring the rifle without filing an application, and on Count V of violating section 5861(e) by transferring the silencer without filing an application. The district court [1] sentenced him to three consecutive five-year terms on Counts I, III and IV, and to a concurrent five-year term on Count V. Thus, Nichols received a total sentence of fifteen years.

There are two parts to Nichols' argument that his sentences were improperly pyramided. First, he contends that since the rifle and silencer were attached there was only one weapon, and therefore the district court should have imposed only one sentence for his possession of the rifle/silencer. Second, he contends that since the possession and transfer of the rifle/silencer arose from one course of conduct, the court altogether should have imposed only one sentence on him. We will examine each contention separately.

Under the National Firearms Act a silencer in and of itself is viewed as a firearm subject to regulation. *See* 26 U.S.C. § 5845(a)(7) ("[t]he term firearm means ... a muffler or a silencer for any firearm whether or not such firearm is included within the definition"). A sawed-off rifle is

also considered a firearm. *Id.* § 5845(a)(3) & (4). Nichols received a five-year sentence for possessing the unregistered rifle, and another consecutive five-year sentence for possessing the unregistered silencer in violation of section 5861(d). That section makes it a crime for any person "to receive or possess *a* firearm which is not registered to him in the National Firearms Registration and Transfer Record." (Emphasis added.)

By defining the term "firearm" to include a silencer, regardless of whether the silencer is attached to another weapon that falls within the purview of the Act, Congress demonstrated its intent to regulate silencers as separate firearms. *See id.* § 5845(a)(7). A defendant cannot transform a silencer and a sawed-off rifle, two firearms under the Act, into one firearm simply by connecting them with a screw. To so hold would defeat Congress' clear intent to regulate both types of firearms.

■ Nichols' possession of the silencer was one offense, and his possession of the rifle was another offense. The fact that the silencer and rifle were possessed simultaneously does not make them one offense for purposes of the double jeopardy clause. Under section 5861(d) *each* firearm is a unit of prosecution even if the defendant possessed several firearms at the same time. *United States v. Alverson,* 666 F.2d 341, 346–47 (9th Cir.1982); *United States v. Tarrant,* 460 F.2d 701, 704 (5th Cir.1972); *Sanders v. United States,* 441 F.2d 412, 414–15 (10th Cir.), *cert. denied,* 404 U.S. 846, 92 S.Ct. 147, 30 L.Ed.2d 82 (1971). The maximum Nichols could have received for each offense was ten years. *See* 26 U.S.C. § 5871. The district court, therefore, did not err in imposing a five-year sentence on Nichols for possessing the rifle and another consecutive five-year sentence for possessing the silencer.

Nichols next argues that since his conviction for transferring the rifle/silencer (Counts IV and V) and for possessing the rifle/silencer (Counts I and III) arose from

---

**1.** The Honorable Edward L. Filippine, United States District Judge for the Eastern District of Missouri.

the same course of conduct, the district court erred in sentencing him to three consecutive five-year prison terms on these counts.

The Supreme Court has recently stated that "with respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Missouri v. Hunter*, 459 U.S. 359, 366, 103 S.Ct. 673, 678, 74 L.Ed.2d 535 (1983). The section of the National Firearms Act that establishes penalties, 26 U.S.C. § 5871, provides that "[a]ny person who violates or fails to comply with any provision of this chapter shall, upon conviction, be fined not more than $10,000, or be imprisoned not more than *ten years*, or both...." (Emphasis added.)

 In *United States v. Ackerson*, 502 F.2d 300 (8th Cir.1974), we found that as a matter of statutory interpretation, a defendant may be *convicted* of multiple counts under section 5861, but may not receive a total *sentence* exceeding ten years for one course of conduct violating that section.[2] We view Nichols' transfer and possession of the silencer as one course of conduct and his transfer and possession of the rifle as another course of conduct, because each firearm is a unit of prosecution under section 5861. *United States v. Alverson*, 666 F.2d at 346–47; *United States v. Tarrant*, 460 F.2d at 704; *Sanders v. United States*, 441 F.2d at 414–15. Nichols received a total sentence of five years for transfer and possession of the silencer, and ten years for transfer and possession of the rifle. These total sentences for the two courses of conduct were within the statutory maximum.

Nichols relies on *United States v. Kaplan*, 588 F.2d 71 (4th Cir.1978), a decision in which Chief Judge Lay participated, to support his position that the district court improperly pyramided his sentences for

transferring and possessing the rifle/silencer. His reliance on *Kaplan* is misplaced. In *Kaplan* the defendants received consecutive *maximum* ten-year sentences for possessing and manufacturing pipebombs. Because the possession and manufacture counts arose from one course of conduct, the court concluded that the sentences had been improperly pyramided. The court held that one convicted of both possessing and manufacturing the same firearm may not receive a total sentence exceeding the ten-year maximum. *Id.* at 75. Nichols did not receive more than ten years for possessing and transferring either the silencer or the rifle.

Accordingly, we affirm the district court's denial of Nichols' motion to correct sentence.

---

2. In *Ackerson*, we recognized that when a defendant is convicted under § 5861(c) and (d) for *one course of conduct* the maximum sentence is ten years. We also recognized that in *United States v. Jones*, 487 F.2d 676 (9th Cir.1973), the Ninth Circuit applied the same rule when the defendant was convicted under § 5861(d), (e) and (i). 502 F.2d at 305–06. Nichols was convicted under § 5861(d) and (e). We think the rule adopted in *Ackerson* also applied in the present case.