915 F.2d 1556
 Unpublished Disposition
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Alvin R. CAMPBELL, Defendant, Appellant.
 No. 90-1130.
 United States Court of Appeals, First Circuit.
 July 19, 1990.
 
 Appeal from the United States District Court for the District of Massachusetts Robert E. Keeton, District Judge.
 Alvin R. Campbell on brief, pro se.
 Wayne A. Budd, United States Attorney, and Carole S. Schwartz, Special Assistant U.S. Attorney.
 D.Mass.
 AFFIRMED.
 Before BREYER, Chief Judge, and CAMPBELL and CYR, Circuit Judge.
 PER CURIAM.
 
 
 1
 After a police search of his apartment turned up four unregistered gun silencers, the appellant was charged with and eventually convicted on four counts of possessing unregistered firearms in violation of 26 U.S.C. Sec. 5861(d) (Counts 1 through 4), and one count of possession of firearms by a convicted felon in violation of 18 U.S.C.App. Sec. 1202 (Count 5). The district court sentenced appellant to a total of fifteen years in prison: (1) ten years on Count 1, (2) five years on Count 2, to be served consecutively to the sentence on Count 1, (3) five years on each of Counts 3 and 4, to be served concurrently with each other and with the sentence on Count 2, and (4) one year on Count 5, to be served concurrently with the sentences on Counts 2 through 4. The appellant filed a motion under Fed.R.Crim.P. 35, challenging the legality of his sentence. The district court denied the motion and this appeal followed. We affirm.
 
 
 2
 The appellant first challenges the legality of his conviction and sentencing on four counts of violating 18 U.S.C. Sec. 5861(d). Section 5861(d) makes it unlawful to "receive or possess a firearm" which is not registered (to the person in receipt of possession) in the National Firearms Registration and Transfer Record.[1] The appellant argues that since the police found all four silencers at the same place and time, "there was but one offense of possession alleged in the indictment ..." (Appellant's Brief at 12), and he properly should have been charged with and convicted on only one count under Section 5861(d).
 
 
 3
 The issue appellant raises is one of statutory interpretation: does Section 5861(d) authorize conviction on multiple counts for the simultaneous possession of more than one firearm? We conclude that it does. As the Eighth Circuit has noted:
 
 
 4
 ... Section 5861(d) is a part of the web of regulation aiding enforcement of the transfer tax provisions in section 5811 of Title 26. Section 5811 levies a separate tax on "each firearm transferred." 26 U.S.C. Sec. 5811(a) (1976). Possession of each unregistered firearm therefore deprives the government of a separate tax. Accordingly, prosecution for each unregistered weapon encourages payment of the tax and effective implementation of the statutory scheme.
 
 
 5
 United States v. Alverson, 666 F.2d 341, 347 (8th Cir.1982) (internal citations omitted). See also United States v. Nichols, 731 F.2d 545, 546 (8th Cir.1984); United States v. Tarrant, 469 F.2d 701, 704 (5th Cir.1972); Sanders v. United States, 441 F.2d 412, 414-15 (10th Cir.), cert. denied 404 U.S. 846 (1971). We agree with these courts that the proper unit of prosecution under Section 5861(d) is the individual firearm.
 
 
 6
 The appellant also argues that, even if the four-count conviction was proper, his fifteen-year sentence was illegal. 26 U.S.C. Sec. 5871 provides that any person who violates, inter alia, Section 5861(d) shall "be fined not more than $10,000, or be imprisoned not more than ten years, or both." The appellant contends that his simultaneous possession of four silencers constituted a "single transaction" or a "single course of conduct," that is, only a single violation of the law for sentencing purposes.
 
 
 7
 It is true that "a defendant may be convicted of multiple counts under section 5861, but may not receive a total sentence exceeding ten years for one course of conduct violating that section." United States v. Nichols, 731 F.2d at 547 (emphases in original). See also United States v. Kaplan, 588 F.2d 71, 74-75 (4th Cir.1978) (imposition of consecutive maximum sentences for both making and possessing an illegal firearm constitutes an unlawful pyramiding of punishment for a "single transaction"). Application of this principle, however, is limited to situations where the defendant, though violating more than one part of section 5861, nonetheless engaged in only a "single transaction" or in "one course of conduct." In practice, a "single transaction" occurs only where all of the defendant's violations concerned a single firearm. For example, in United States v. Kaplan, supra, the defendant was convicted of both possessing and manufacturing a single pipe bomb. See also United States v. Kalama, 549 F.2d 594, 597 (9th Cir.1977) (convictions for possessing and making the same firearm); United States v. Clements, 471 F.2d 1253, 1257 (9th Cir.1972) (defendant convicted of both making and possessing a single Molotov cocktail).
 
 
 8
 In United States v. Nichols, 731 F.2d at 547, on the other hand, the defendant was convicted of (a) possessing and transferring an unregistered rifle, and (b) possessing and transferring an unregistered silencer. The rifle and silencer were possessed and transferred simultaneously; in fact, the silencer was attached to the rifle. The Eighth Circuit nevertheless affirmed the defendant's fifteen-year sentence. The court viewed the defendant's "transfer and possession of the silencer as one course of conduct and his transfer and possession of the rifle as another course of conduct, because each firearm is a unit of prosecution under section 5861." Id.
 
 
 9
 We concur with the approach taken by the Nichols court and affirm the district court's sentencing decision here. The appellant's possession of four silencers constituted four separate "courses of conduct" because each silencer was a separate firearm and thus a discrete "unit of prosecution" under the statute. The district court therefore had the authority to impose the maximum sentence of ten years on each of the first four counts. The fifteen-year sentence meted out to the appellant, consequently, was well within the district court's discretion.
 
 
 10
 Affirmed.
 
 
 
 [1]
 A silencer is a "firearm" within the meaning of the statute. See 26 U.S.C. Sec. 5845(a)(7)