**Robert Eugene JACKSON, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 90–2233.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 1, 1991.

Decided Feb. 26, 1991.

Rehearing and Rehearing En Banc Denied May 8, 1991.

Kirk Lyons, Houston, Tex., for appellant.

Michael Jones, Springfield, Mo., for appellee.

Before JOHN R. GIBSON, Circuit Judge, BRIGHT, Senior Circuit Judge and FAGG, Circuit Judge.

PER CURIAM.

Robert Eugene Jackson was sentenced to a total term of twenty years upon his convictions by a jury on eight counts involving conspiracy to possess and possession of firearms. Jackson appeals the district court's[1] denial of his motion under 28

---

1. The Honorable Russell G. Clark, United States District Judge for the Western District of Missouri.

U.S.C. § 2255 for correction of his sentence on the ground that the total term exceeded the statutory maximum under 26 U.S.C. § 5871. We affirm.

Jackson was indicted on eight counts of a nine-count indictment. Count one charged Jackson with conspiring to acquire and possess firearms between March 31 and April 30, 1987; counts two through seven charged Jackson with possessing specific unregistered firearms on April 30, 1987, in violation of 26 U.S.C. §§ 5861(d) and 5871; and count eight charged him with possessing firearms (different from those in counts two through seven) on April 30, 1987, while a fugitive from justice.

A jury convicted Jackson on all eight counts. The district court sentenced him to concurrent ten-year sentences on counts two through four; concurrent ten-year sentences on counts five through seven to run consecutively with the terms imposed on counts two through four; five years on count one to run concurrently with the terms imposed on counts two through seven; and five years on count eight to run concurrently with all other terms.

Jackson filed the instant action for correction of his sentence on the ground that the sentences imposed on counts two through seven exceeded the ten-year statutory maximum under 26 U.S.C. § 5871 for a single course of conduct, i.e., the simultaneous possession of unregistered firearms.[2] The district court denied the motion, finding that each unregistered firearm was a separate unit of prosecution even though simultaneously possessed. Jackson reasserts his argument on appeal.

Section 5861, part of the National Firearms Act, prohibits, *inter alia*, the manufacture, receipt or possession, and transfer of "a firearm" which is unregistered. Each unregistered firearm supports a separate unit of prosecution under the statute, and the same firearm may generate violations of more than one provision of section 5861. *United States v. Nichols*, 731 F.2d 545, 546–47 (8th Cir.), *cert. denied*, 469 U.S. 1085, 105 S.Ct. 589, 83 L.Ed.2d 699 (1984). When violations of section 5861

relate to one course of conduct, the sentence cannot exceed the ten-year maximum in section 5871. *Id.* at 547.

Here, the possession of each unregistered firearm supported a separate unit of prosecution and a separate course of conduct. *See id.* Thus, each count of possession of an unregistered firearm was subject to the ten-year maximum under section 5871. Jackson's reliance on *Bell v. United States*, 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905 (1955) (Mann Act ambiguous on unit of prosecution; doubt resolved in favor of defendant), is misplaced because the statute here refers explicitly to "a firearm."

Accordingly, we affirm the district court's order.

---

2. The rejection of Jackson's other claim raised below is not challenged on appeal.