**UNITED STATES of America, Plaintiff and Appellee,**

v.

**Hector QUEVEDO, Defendant and Appellant.**

**No. 22263.**

United States Court of Appeals Ninth Circuit.

Sept. 10, 1968.

---

[1] Count one concerned whole wheat flour; Count two, white flour; Count three, wheat germ meal; Count four, soya flour.

**308**

Robert P. Mandler, Los Angeles, Cal., for appellant.

Wm. Matthew Byrne, Jr., U. S. Atty., Robert L. Brosio, Asst. U. S. Atty., Criminal Div., Michael Heuer, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before CHAMBERS and BARNES, Circuit Judges, and KILKENNY, District Judge.

PER CURIAM:

Quevedo sold some marijuana to a government agent. Defendant contended in the trial court and here contends that he was the innocent victim of a dirty government plot to get him to sell marijuana. He asserts entrapment as a matter of law.

We affirm the judgment of conviction in this judge-tried case in which a jury was waived.

■ We do not find Quevedo the innocent victim of the government agent and informers that he would have one believe. Maybe Quevedo was not a wholesaler, but he had the "disposition to commit" of a retailer. Testifying in his own behalf at the trial, he recalled one sale to a non-agent. There was testimony of others as to a number of prior sales to others.

The imposition on Quevedo of the government agent and the informers was that they pretended to be his friends. This may not be a nice thing to do when one wants only to get another in jail. But it falls short of entrapment as a matter of law.

It might also be pointed out that the trial court may have come to some af-

firmative conclusions about "predisposition to commit" from Quevedo's demeanor on the stand.

We decline to hold that a false pretense of fine friendship as a matter of law is entrapment.

■ This case does not even approach the facts of Sherman v. United States, 365 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848. Notaro v. United States, 363 F.2d 169, 9 Cir., and Hill v. United States, 261 F.2d 483, 9 Cir., are adequate authority for an affirmance.

Unless it be the law that a feigning of friendship amounts to entrapment, there is no basis for a reversal.

Judgment affirmed.