**Edward L. SUGGS, Appellant,**

v.

**Lawrence E. WILSON, Warden, San
Quentin State Prison, Appellee.**

**No. 22314.**

United States Court of Appeals
Ninth Circuit.

Nov. 13, 1968.

Edward L. Suggs, for appellant.

Thomas C. Lynch, Atty. Gen., Derald E. Cranberg, Wm. D. Stein, Deputy Attys. Gen., San Francisco, Cal., for appellee.

Before ELY and CARTER, Circuit Judges, and SMITH,* District Judge.

JAMES M. CARTER, Circuit Judge.

This is an appeal by a State prisoner from an order denying relief, without an evidentiary hearing, on petition for a writ of habeas corpus. The sole point raised by appellant is that he was placed in "double jeopardy" or "sentenced twice" for the same offense.

Appellant was convicted of burglary on his plea of guilty in the Superior Court of the State of California, for the County of Los Angeles, and on March 11, 1954, was sentenced to the state prison.

Under California Law, a defendant is sentenced "for the term prescribed by law." The Adult Authority later fixes the term. California Penal Code, Sec. 5077. The term prescribed by law for burglary in the first degree is not less than five years; for burglary in the second degree, one to fifteen years. California Penal Code, Sec. 461.

The sequence of events leading to the petition for the writ are as follows: On January 22, 1954, the petitioner, represented by counsel, was before the state court for plea and at that time entered a plea of "guilty as charged in Count 1 of the Information," which count charged the crime of burglary. The minute order of that date recites "The court finds the crime to be Burglary of the second degree." California Penal Code, Sec. 1192. The matter was referred for a probation report and sentence continued to February 18, 1954, and thereafter to March 11, 1954.

On March 11, the appellant, again with counsel, was present for sentence and the minute order recites the court pronounced judgment and sentence as to Count 1 as follows: "Defendant is sentenced to State Prison for a term prescribed by law * * * Count 2 of the Information is dismissed." On the same day, approximately 30 minutes later, petitioner was called back into the courtroom and at that time the following minute order shows the action taken by the court: "It appearing through clerical inadvertence the minute order of January 22, 1954 does not properly reflect the order of Court, the Court now orders that the minute order and jacket entry of January 22, 1954 be corrected nunc pro tunc to show, the Court finds the crime to be Burglary of the 'first degree' instead of the 'second degree'."

A written judgment was then entered reading: "Whereas the said defendant, having duly pleaded guilty in this Court of the crime of BURGLARY (459 P.C.)

* Hon. Russell E. Smith, United States District Judge for the Western District of Montana, sitting by designation.

**54**

a felony, as charged in Count 1 of the information which the Court found to be Burglary of the first degree. It is therefore Ordered, Adjudged and Decreed that the said defendant be punished by imprisonment in the State Prison for the term prescribed by law * * * ". This was the only judgment ever entered in the case.

Appellant filed his petition for a writ of habeas corpus in pro per, making the sole contention that the imposition of the sentence of March 11, 1954, above noted, violated the Fifth Amendment of the Constitution in that he was placed in "double jeopardy" or "sentenced twice" for the same offense.[1] After a return, filed by the state, the district court issued an interim order directing that a transcript of the proceedings before the state court on January 22, 1954 and March 11, 1954 be prepared and furnished to the court. The state responded, producing the minute orders referred to above, a copy of the judgment, and the reporter's transcript of the preliminary hearing, but stating that the reporter's notes for the proceedings on the two dates of January 22, and March 11, 1954 had been destroyed and were no longer available.

Appellant argues that he commenced to serve a valid sentence for second degree burglary and that thereafter the state trial court could not change the degree of the crime so as to increase his punishment. However, petitioner is wrong. His sentence could not commence to run until he was delivered to the Director of Corrections, following the sentence. California Penal Code, Section 2900. Petitioner was sentenced only once.

Appellant made no other contentions in the court below. He was represented by

counsel in the state court; he does not deny his guilt. What we have said adequately demonstrates that his contentions are without merit.

The judgment is affirmed.

---

[1]. Appellant in his brief, but not in his petition for the writ, includes "Request for counsel after arrest denied; not advised of his right [sic] by court or counsel; right to reasonable opportunity to prepare for trial."

Such questions were not raised in the district court, nor is there any showing that appellant has exhausted his state remedies as to such matters.

In his brief, appellant also complains of failure of the district court to appoint counsel. In this case he has no such right.