**Lawrence J. SAROS, Appellant,**

v.

**G. V. RICHARDSON, Warden, Appellee.**

**No. 25935.**

United States Court of Appeals,
Ninth Circuit.

Jan. 8, 1971.

Rehearing Denied Feb. 4, 1971.

Lawrence J. Saros, in pro. per.

James L. Browning, Jr., U. S. Atty., San Francisco, Cal., for appellee.

Before HAMLEY, ELY, and WRIGHT, Circuit Judges.

PER CURIAM:

In 1969 Saros was charged, along with others, with the crimes of conspiracy and mail theft. 18 U.S.C. § 1708. He pleaded guilty and was later sentenced to an imprisonment term of three years. His codefendants, who were tried and found guilty, received lesser sentences. Under 28 U.S.C. § 2255, Saros challenged his sentence and appeals from the District Court's decision, denying him relief. We affirm.

In his application to the District Court, Saros contended that his

sentence was invalid because the sentencing judge presided over the trial of his codefendants and thus considered evidence presented at that trial in Saros' sentencing. This does not vitiate a permissible sentence. As the District Court observed, a sentencing judge can exercise "a wide discretion in the sources and types of evidence used to assist him in determining the kind and extent of punishment to be imposed within limits fixed by law." Williams v. New York, 337 U.S. 241, 246, 69 S.Ct. 1079, 1082, 93 L.Ed. 1337 (1949). *See, e. g.* Verdugo v. United States, 402 F.2d 599, 611 (9th Cir. 1968); Application of Hodge, 262 F.2d 778, 782 (9th Cir.), cert. denied, Hodge v. People of State of Cal., 356 U.S. 942, 78 S.Ct. 789, 2 L.Ed.2d 818 (1958).

Saros also contends that his guilty plea should be nullified because it was induced by the prosecutor's unkept promise that Saros would be sentenced by a different judge. Since this contention was not made in the District Court, we cannot consider it. Suggs v. Wilson, 403 F.2d 52, 54 n.1 (9th Cir. 1968); Davis v. Rhay, 256 F.2d 617, 619 (9th Cir. 1958); Watkins v. Duffy, 197 F.2d 816 (9th Cir. 1952).

Affirmed.