**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Horton J. BROWN, Defendant-Appellant.**

**No. 73–1461.**

United States Court of Appeals, Ninth Circuit.

Aug. 17, 1973.

Murray B. Guterson (argued), of Culp, Dwyer, Guterson & Grader, Seattle, Wash., for defendant-appellant.

J. Ronald Sim, Asst. U. S. Atty. (argued), Stan Pitkin, U. S. Atty., Susan L. Barnes, Asst. U. S. Atty., Seattle, Wash., for plaintiff-appellee.

Before CHAMBERS, WRIGHT and KILKENNY, Circuit Judges.

PER CURIAM:

Defendant Horton J. Brown appeals from conviction on 17 counts of violations of 18 U.S.C. § 1001 [1] and one count of

---

1. § 1001.
   Whoever, in any matter within the jurisdiction of any department or agency of

violation of 18 U.S.C. § 371 (conspiracy to violate § 1001). He received concurrent three year sentences on each count, the sentences to be suspended conditioned upon defendant spending six months in a jail-type institution and being placed on probation for an additional period of two and one-half years. He was also fined $5,000 on each count, with the fines suspended as to all but one count.

■ Defendant raises two contentions on this appeal, neither of which has merit. He first argues that the indictment should have been brought under either 18 U.S.C. § 1010 [2] or § 1012.[3] instead of § 1001.

We disagree.

The indictments charged defendant with knowingly making false, fictitious and fraudulent statements and representations in the submission of several fictitious bids for construction on property owned by the Department of Housing and Urban Development (HUD). As-

suming, as defendant argues, that this conduct constitutes a violation of either § 1010 or § 1012, we find no indication in the legislative history that Congress, by creating a specific HUD false claim statute, intended to disallow use of the more general false statement statute, § 1001, with its harsher penalties. *Cf. Kniess v. United States,* 413 F.2d 752 (9th Cir. 1969).

■ This case thus falls under the general rule that where a single act violates more than one statute, the government may elect to prosecute under either. *United States v. Gilliland,* 312 U.S. 86, 61 S.Ct. 518, 85 L.Ed. 598 (1941); *United States v. Chakmakis,* 449 F.2d 315 (5th Cir. 1971); *Ehrlich v. United States,* 238 F.2d 481 (5th Cir. 1956).

The defendant also contends that the government failed to prove that the bids were submitted in a matter within the jurisdiction of HUD, as required by § 1001. Viewing the evidence in the light most favorable to the government, as we are required to do, we conclude that

the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than five years, or both.

2. § 1010.
Whoever, for the purpose of obtaining any loan or advance of credit from any person, partnership, association, or corporation with the intent that such loan or advance of credit shall be offered to or accepted by the Department of Housing and Urban Development for insurance, or for the purpose of obtaining any extension or renewal of any loan, advance of credit, or mortgage insured by such Department, or the acceptance, release, or substitution of any security on such a loan, advance of credit, or for the purpose of influencing in any way the action of such Department, makes, passes, utters, or publishes any statement, knowing the same to be false, or alters, forges, or counterfeits

any instrument, paper, or document, or utters, publishes, or passes as true any instrument, paper, or document, knowing it to have been altered, forged, or counterfeited, or willfully overvalues any security, asset, or income, shall be fined not more than $5,000 or imprisoned not more than two years, or both.

3. § 1012.
Whoever, with intent to defraud, makes any false entry in any book of the Department of Housing and Urban Development or makes any false report or statement to or for such Department; or
Whoever receives any compensation, rebate, or reward, with intent to defraud such Department or with intent unlawfully to defeat its purposes; or
Whoever induces or influences such Department to purchase or acquire any property or to enter into any contract and willfully fails to disclose any interest which he has in such property or in the property to which such contract relates, or any special benefit which he expects to receive as a result of such contract—
Shall be fined not more than $1,000 or imprisoned not more than one year, or both.

there was sufficient evidence before the jury to support a finding beyond a reasonable doubt that the property in question was indeed owned by HUD.

The judgment appealed from is affirmed.