**UNITED STATES of America, Appellee,**

v.

**Elbert PONDER, Appellant.**

**No. 74–2369.**

United States Court of Appeals, Fourth Circuit.

Argued April 11, 1975.

Decided July 21, 1975.

Certiorari Denied Nov. 11, 1975. See 96 S.Ct. 369.

Leslie L. Gladstone, Baltimore, Md. [court-appointed counsel], for appellant.

George Beall, U. S. Atty., Daniel M. Clements, Asst. U. S. Atty. for appellee.

Before HAYNSWORTH, Chief Judge, CRAVEN, Circuit Judge, and WARRINER, District Judge.

WARRINER, District Judge:

Elbert Ponder was indicted by the United States Grand Jury for the District of Maryland at the June Term of 1974. The two-count indictment charged Ponder with violations of 26 U.S.C. § 5861, a portion of the National Firearms Act. More specifically, Ponder was charged with unlawful possession of an illegally transferred firearm in violation of 26 U.S.C. § 5861(b) and possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d).[1] In a trial by jury Ponder was convicted on both counts of the indictment. Thereupon the U. S. District Court sentenced Ponder to a term of imprisonment of five years as to each of the counts, with the term of imprisonment imposed as to Count 2 to run concurrently with the term of imprisonment imposed as to Count 1. Thus, the total term of imprisonment imposed was five years.

Ponder appeals his conviction for violations of 26 U.S.C. §§ 5861(b) and (d) contending that the Court below erred in failing to dismiss the "registration" count (Subsection (d)) of the indictment as necessarily included and indivisible from the "transfer" count (Subsection (b)). Accordingly, we are now called upon to decide whether it is proper and correct for an indictment to charge violations of 26 U.S.C. § 5861(b) and § 5861(d) in two separate counts when only one firearm is involved. For the reasons set forth below the judgment of the District Court is affirmed.

In April, 1974, Officer Gary Lippy, assigned to the Alcohol Traffic Safety Unit of the Baltimore City, Maryland Police Department, was on routine patrol in the 2500 block of W. Lafayette Avenue, Baltimore, Maryland. During the early morning hours Officer Lippy observed a blue 1964 Pontiac station wagon traveling eastbound on Lafayette Avenue weaving in a reckless manner from one side of the road to the other. The automobile traveled an appreciable distance in this manner and almost struck several parked cars before skidding to a halt in the middle of the street, blocking both lanes of traffic.

After the automobile came to a halt Officer Lippy, upon approaching it, noticed that the driver, later identified as Elbert Ponder, was moving from the driver's side to the passenger side of the vehicle. Officer Lippy approached the automobile from the passenger side and, upon shining his flashlight into the automobile interior, observed what appeared to be a sawed-off shotgun on the floor of the driver's side.[2] Upon opening the passenger door of the automobile Officer Lippy further observed Ponder shoving shotgun shells into the crack between the front cushion and the seat back. Officer Lippy then placed Ponder under arrest and seized what was later identified as a sawed-off Stevens Model E, 12-gauge shotgun and five shotgun shells from the seat of the automobile together with one shotgun shell which was found in the weapon.

In response to questions by both Officer Lippy and Special Agent Michael Flax of the Bureau of Alcohol, Tobacco and Firearms Department of the Treasury, Ponder conceded that the weapon was his and stated that he had pur-

---

1. 26 U.S.C. §§ 5861(b) and (d) proscribe that . . . [i]t shall be unlawful for any person
   (b) to receive or possess a firearm transferred to him in violation of the provisions of this chapter; or
   *    *    *    *    *    *
   (d) to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record . . . . .

2. At trial Mr. A. E. Duddling of the Baltimore City Crime Lab testified that the weapon seized from Ponder was an operable firearm with a barrel length of $14^7/_{16}$ inches and an overall length of $21^1/_4$ inches. These measurements classify the weapon as a "firearm" within the meaning of 26 U.S.C. § 5845(a) and 26 U.S.C § 5861.

chased it that day from an unknown Negro male and that he was in the process of taking it home to his mother's house to be used for her protection.

Upon these facts Ponder contends that the lower court should have dismissed either the transfer count or the registration count since the two counts are duplications, only one weapon being involved. While the issue of multiple convictions under the Act has not been passed upon in this Circuit, multiple convictions under 28 U.S.C. § 5861 have been sustained in the Eighth and Ninth Circuits—the only Circuits wherein the specific question has been raised.

In *United States v. Clements*, 471 F.2d 1253, 1254, (9th Cir. 1972) the defendant was sentenced to three consecutive ten-year terms under subsections (c), (d) and (f) of 26 U.S.C. § 5861. Although the case was remanded because of the consecutive sentences, the Court sustained the multiple convictions reasoning:

> The issue is not whether Congress could have authorized the imposition of cumulative sentences for the offenses with which Clements was charged. There is no constitutional impediment to Congress' authorizing cumulative sentences for a single act that may violate more than one statute when the offenses created by the statutes are not identical. The offenses with which Clements was charged are not identical because a different set of ultimate facts is necessary to sustain a conviction under each count. . . . The difference between the ultimate facts necessary to prove failure to pay a tax and failure to register is obvious. (See, *e. g., Carter v. McClaughry* (1902) 183 U.S. 365, 394–395, 22 S.Ct. 181, 46 L.Ed. 236; *Toliver v. United States* (9th Cir. 1955) 224 F.2d 742, 744.)

To similar effect was the decision in *United States v. Jones*, 487 F.2d 676 (9th Cir. 1973). In *Jones* the Court sustained multiple convictions under 26 U.S.C. §§ 5861(d), (e), and (i) where the defendant was given a sentence not exceeding the ten year maximum proscribed by 26

U.S.C. § 5871. In reaching its decision the Court in *Jones*, at page 679, mentioned the *Clements* case:

> *Clements* is clearly distinguishable from this case, for it proscribes only cumulative punishment for offenses arising under the National Firearms Act, not conviction on multiple counts. . . . Congress has the power to establish that a single act constitutes more than one offense, at least as long as each offense requires proof of a fact the other does not. See *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932). The National Firearms Act sets forth a series of offenses, many of which can obviously arise from a single act. The absence of any indication in the statute or legislative history that the prosecutors have to be confined to a single offense makes it quite evident that Congress intended to allow the government broad latitude in prosecuting firearms crimes. The policy was not to force the government to elect a single offense to prosecute. Therefore, *Jones* was properly tried and convicted on multiple counts. *Cf. United States v. Stella*, 448 F.2d 522 (9th Cir. 1971); *United States v. Brown*, 482 F.2d 1359 (9th Cir. 1973).

Such multiple convictions have recently been upheld in the Eighth Circuit where convictions were obtained on a two-count indictment charging a violation of 26 U.S.C. § 5861(c) and a violation of 26 U.S.C. § 5861(d). The Court, in *United States v. Ackerson*, 502 F.2d 300 (8th Cir. 1974) relied heavily on the decisions in *Clements* and *Jones*.

In sum, multiple convictions under 26 U.S.C. § 5861 may properly arise out of a single act or transaction so long as each offense proscribed requires proof of some fact that the other does not. Applying this standard to the instant facts we find a single act, Ponder's possession of the sawed-off shotgun, which has ultimately resulted in multiple convictions under 26 U.S.C. § 5861. Because there is no proscription against such multiple convictions it only remains

for us to decide whether proof of conviction under the "transfer" count requires proof of any fact that proof of conviction under the "registration" count does not. It is manifest that proof necessary for conviction under one subsection requires proof of facts different from those necessary for conviction under the other.

Conviction under the "registration" count requires that the government prove that Ponder possessed a weapon not registered to him in accordance with 26 U.S.C. § 5841(a) and (b):

§ 5841. Registration of firearms

(a) Central registry.—The Secretary or his delegate shall maintain a central registry of all firearms in the United States which are not in the possession or under the control of the United States. This registry shall be known as the National Firearms Registration and Transfer Record. The registry shall include—

(1) identification of the firearm;

(2) date of registration; and

(3) identification and address of person entitled to possession of the firearm.

(b) By whom registered.—Each manufacturer, importer, and maker shall register each firearm he manufactures, imports, or makes. *Each firearm transferred shall be registered to the transferee by the transferor.* [Emphasis added]

The government met the necessary burden for conviction under this count by introducing evidence at trial that at the requisite time a check of the National Firearms Registration and Transfer Record revealed (1) that Elbert Ponder, 1106 N. Monroe Street, Baltimore, Maryland, had no firearms registered to him; and (2) that the sawed-off shotgun, a Stevens, serial number P109042 was not registered. Ponder's conviction under this count, then, required that the government prove only that the firearm was not registered in accordance with the provisions of 26 U.S.C. § 5841.

Ponder's conviction under the "transfer" count required that the government prove an additional fact not required for conviction under the "registration" count. To sustain a conviction under the "transfer" count the government was required to prove not only that the firearm was not registered within the meaning of 26 U.S.C. § 5841 but also that it was transferred in violation of the Act. "Transfer" under the Act is defined specifically in 26 U.S.C. § 5845(j):

*Transfer.*—The term "transfer" and the various derivatives of such word, shall include selling, assigning, pledging, leasing, loaning, giving away, or otherwise disposing of.

When this section is read in connection with 26 U.S.C. § 5841(b) it is clear that when a transfer of a firearm takes place such firearm is required to be registered or re-registered to the transferee by the transferor. In the present case Ponder unquestionably owned or possessed a firearm that was not registered in accordance with the registration provision of 26 U.S.C. § 5841. Additionally, by his own testimony, he stated that he purchased the firearm from an "unknown colored male." This purchase of the firearm constituted a "transfer" of it within the purview of 26 U.S.C. § 5845(j).

To refute the argument that Ponder couldn't be guilty under Subsection (b) without also and necessarily being guilty under Subsection (d) the Court observes that he could have been guilty under (d) without also being guilty under (b). Such a situation would arise if the firearm had not been "transferred" to defendant but had instead been made or manufactured by him. So long as there are such factual differences of proof, multiple convictions may be obtained.

We conclude that conviction under the "transfer" count, 26 U.S.C. § 5861(b) does require proof of a fact not required for conviction under the "registration" count, 26 U.S.C. § 5861(d). Violation of (b) in this case contemplates proof of both a lack of registration as required under 26 U.S.C. § 5841 plus an act that constitutes a transfer as contemplated under 26 U.S.C. § 5845(j). The "trans-

fer" count, in this instance, requires that the government bear the burden of proof as to additional elements not required under the "registration" count.

Our examination of the briefs and record reveals no merit to Ponder's other contentions. Accordingly, judgment of conviction is affirmed.

*Affirmed.*