UNITED STATES of America, Appellee,

v.

Leroy GIBSON, Appellant.

No. 75–2071.

United States Court of Appeals,
Fourth Circuit.

Argued June 9, 1977.

Decided Aug. 9, 1977.

William J. Morgan, Carthage, N. C., for appellant.

Herman E. Gaskins, Asst. U. S. Atty., Raleigh, N. C. (Carl L. Tilghman, U. S. Atty., Beaufort, N. C., on brief), for appellee.

Before BRYAN, Senior Circuit Judge, and RUSSELL and HALL, Circuit Judges.

PER CURIAM:

Leroy Gibson appeals denial by the District Court of three post-conviction motions. Apparently for the first time, he questions the legality of his concurrent sentences for violations of related sections of the National Firearms Act simultaneously implicated by a single transaction. 26 U.S.C. § 5861(c) and (d).

Gibson was tried October 23–26, 1973 on a three-count indictment alleging complicity in the bombing of a bookstore in Jacksonville, North Carolina, on or about May 2,

1973. While acquitted of unlawful use of an explosive device in an attempt to destroy the bookstore, 18 U.S.C. § 844(i), he was found guilty of receiving and possessing a firearm (the explosive device) made in violation of the Act, 26 U.S.C. § 5861(c), and of knowingly possessing an unregistered firearm (the same device), 26 U.S.C. § 5861(d).

After exhausting direct appellate remedies, Gibson (now incarcerated in Federal prison) filed motions for a new trial on grounds of newly discovered evidence, F.R. Crim.P. 33, for discovery and inspection of evidence relevant to the motion for a new trial, *Id.* 35, and—seemingly in the alternative—for reduction of sentence. *Id.* 16. The District Court, without an evidentiary hearing, denied each motion, and Gibson appeals.

 Gibson urges that the District Court erred in deciding the motions without benefit of an evidentiary hearing. However, after review of the record and consideration of arguments of counsel, we see no error of law or abuse of discretion by the District Court in denying the motions. Accordingly, we affirm on the basis of the District Court's memorandum opinion. *United States v. Gibson*, No. 7925–CR (EDNC Aug. 6, 1975).

Gibson further argues, for the first time,* that the trial court erred in imposing punishment, even concurrently, for more than one firearms offense, inasmuch as the charges embrace only a single possession.

We disagree. In the first place, double jeopardy is not involved, for the Government on each count was required to prove a separate, additional and material fact—illegal manufacture, on one count, failure to register, on the other—as well as the common element of possession. Decisions barring conviction on both a given offense and what in essence is a lesser (or otherwise) included offense are unavailing here. *See, e. g., United States v. Curry*, 512 F.2d 1299, 1305–06 (4 Cir. 1975); *Walters v. Harris*, 460 F.2d 988, 994 (4 Cir. 1972). Incidentally, the dual sentences now challenged are concurrent, not consecutive. See *United*

States v. Clements*, 471 F.2d 1253, 1254–58 (9 Cir. 1972). As the multiple convictions and concurrent sentences instantly imposed are authorized by statute and offend no constitutional stricture, the judgment of the trial court stands affirmed. *United States v. Ponder*, 522 F.2d 941 (4 Cir. 1975); *United States v. Romero*, 484 F.2d 1324, 1328 (10 Cir. 1973).

Affirmed.

* Although consideration of this issue should be precluded by Gibson's failure to present it first to the District Court, we reach it now in the interest of prompt disposition of the case.