800 F.2d 260
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Appellee,
v.
Barry Carl MORSE, Appellant.
 No. 85-6741.
 United States Court of Appeals, Fourth Circuit.
 Argued June 6, 1986.
Decided Sept. 4, 1986.
 
 Before MURNAGAN and ERVIN, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.
 
 
 1
 William ALden McDaniel, Jr. (Murphy & McDaniel on brief), for appellant.
 
 
 2
 Glenda G. Gordon, Assistant United States Attorney (Breckinridge L. Willcox, United States Attorney on brief), for appellee.
 
 
 3
 D.Md.
 
 
 4
 AFFIRMED.
 
 PER CURIAM:
 
 5
 Barry Carl Morse was indicted on eighteen counts for eight violations of 18 U.S.C. Sec. 922(a) (6) (making false statement on firearms transaction record), and ten violations of 18 U.S.C. Sec. 922(h) (1) (felon in possession of firearm). He entered a plea agreement with the government, whereby he pled guilty to one violation of 18 U.S.C. Sec. 922(a) (6). Pursuant to the agreement, the remaining seventeen counts against Morse were dismissed.
 
 
 6
 At a sentencing hearing on July 16, 1985, the government sought the maximum term of imprisonment (five years) authorized by statute for the one count violation of 18 U.S.C. Sec. 922(a) (6). Morse, who was currently serving a state prison term for previous crimes committed, presented testimony from a psychiatrist, a drug counselor, and his father. All three witnesses testified to Morse's psychological and drug-related problems. The psychiatrist and counselor stated that Morse needed to receive rehabilitation treatment.
 
 
 7
 After listening to the evidence presented, the court sentenced Morse to a five year prison term, to run consecutively to the state sentence currently being served. Thereafter, Morse filed a motion to Modify or Reduce Sentence, pursuant to Federal Rule of Criminal Procedure 35. The court, having re viewed all relevant materials, denied the motion. This appeal followed. Finding no grounds for reversing the district court's denial of Morse's Rule 35 motion, we affirm.[1]
 
 
 8
 "[T]he district court's disposition of the [Rule 35] motion is not reviewable on appeal except for a clear abuse of discretion." United States v. Stumpf, 476 F.2d 945, 946 (4th Cir. 1973). The facts herein do not disclose a clear abuse. To the contrary, the sentence imposed was within the statutory limits. See id. at 946; United States v. Legrano, 659 F.2d 17, 18 (4th Cir. 1981) ("A sentence which is within statutory limits is generally not subject to review." ); see also United States v. Schocket, 753 F.2d 336, 341 (4th Cir. 1985) ("It is well settled that a federal district court judge is vested with broad discretion in the sentencing phase of criminal prosecutions, and that sentences imposed within the statutory limits are generally not reviewed on appeal.") In addition, Morse knew that he may receive a five year prison term when he entered into the plea agreement.[2] Indeed, he bargained for such in return for the dismissal of seventeen counts against him. Furthermore, the sentence was not unduly harsh under the circumstances. It is obvious from the record and the court's statements at the sentencing hearing that the prison term imposed was to punish Morse and deter his future wrongful conduct. Morse, who had several previous criminal convictions, had continued intentionally to violate the law.
 
 
 9
 Morse complains that the court ignored the testimony of the three witnesses at the sentencing hearing. We disagree. The record shows that the court considered the evidence. Before imposing the sentence, the court stated that it had "listened carefully [that] afternoon to the presentation of the defense counsel." Jt. App. at 85. The court even summarized the essence of the testimony. Id. at 85-86. The court need not recite each specific statement made by the witnesses just after it has heard the testimony. In addition to summarizing Morse's evidence, the court reviewed the reasons for ordering the maximum penalty. Such statements reveal that the court carefully considered all relevant evidence before imposing the sentence.
 
 
 10
 Morse also complains that the court erred by denying the Rule 35 motion summarily and without a hearing. Again, we do not agree. The court referred to its review of the record and other related materials when denying the motion. Such materials contained the evidence from the sentencing hearing. Thus, there was no error in deciding the motion without another evidentiary hearing. See United States v. Gibson, 559 F.2d 934, 935 (4th Cir.), cert. denied, 434 U.S. 987 (1977) .
 
 
 11
 Finally, Morse argues that the five year prison term, to run consecutively to the current state term, interferes with the earlier sentence imposed by the state and in essence denies Morse's right to drug rehabilitation and psychological treatment.[3] This argument lacks merit. The federal prison term does not preclude Morse from receiving needed treatment,
 
 
 12
 The federal prison system is equipped with medical facilities and drug programs. Morse's complaint of no access to treatment in the future is only speculative at this time. Accordingly, we find no abuse of the district court's discretion in sentencing Morse to prison for five years, running consecutively to the state term. The court's denial of the Rule 35 motion is, therefore, affirmed.
 
 
 13
 AFFIRMED.
 
 
 
 [1]
 The government argues on appeal that Morse's Rule 35 motion was untimely filed. We need not address this contention because of our conclusion on the merits of the appeal
 
 
 [2]
 The plea agreement signed by Morse read in pertinent part:
 Mr. Morse understands that the United States Attorney reserves the right to full allocution. This means that, at the time of sentencing, the United States Attorney may ask for any penalty up to and including the maximum available under law, which is five (5) years imprisonment and a $5,000.00 fine. Mr. Morse understands that the Court is not a party to this agreement. The Court is free to impose upon him any sentence up to and including the maximum sentence of imprisonment for five (5) years and/or a fine of $5,000.00. In the federal criminal justice system, sentencing is a matter solely within the discretion of the Court, and the Court will be under no obligation to accept the government's recommendation or to reject it. Mr. Morse understands that the Court could impose any sentence upon him which it may deem appropriate, up to and including the maximum sentence of five (5) years imprisonment and a fine of $5,000.00. it is expressly understood by Mr. Morse that if the Court ultimately decides for any reason to impose any sentence up to and including the maximum sentence in this case, this agreement will not have been breached....
 
 
 [3]
 In addition to the prison term, the state had required Morse upon release to undergo a drug rehabilitation program