861 F.2d 266
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Leon JACKSON, Sr., Defendant-Appellant.
 No. 88-5021.
 United States Court of Appeals, Fourth Circuit.
 Argued: July 14, 1988.
Decided: Oct. 24, 1988.
 
 Douglas Michael Nabhan (Williams, Mullen, Christian & Dobbins, on brief), for appellant.
 William Graham Otis, Assistant United States Attorney (Henry E. Hudson, United States Attorney; N.G. Metcalf, Assistant United States Attorney, on brief), for appellee.
 Before CHAPMAN, WILKINSON and WILKINS, Circuit Judges.
 CHAPMAN, Circuit Judge:
 
 
 1
 Leon Jackson appeals his convictions at a bench trial of conspiracy to commit wire fraud in violation of 18 U.S.C. Sec. 371; wire fraud and aiding and abetting in violation of 18 U.S.C. 1353 and 2. His claims of error are: (1) a prejudicial delay in his trial; (2) a refusal to allow him to withdraw his waiver of a jury trial; (3) the insufficiency of the evidence to support his convictions; and (4) the failure of the government to produce a document bearing his name, address, date of birth, and social security number prior to the morning of trial. We find no merit to these claims and we affirm.
 
 
 2
 * Appellant was originally indicted on March 23, 1987 in the Eastern District of Virginia. This indictment arose out of a large wire fraud scheme involving approximately forty individuals, who had worked through one Harvey Bland, who was a mail room clerk employed by the Credit Bureau of Richmond, in having bad credit information removed from the Credit Bureau files. Bland and Jackson became acquainted because Jackson was employed in the Main Street Post Office and Bland picked up the mail for the Credit Bureau. Bland had seen Jackson on several visits to the office of the Credit Bureau when Jackson was attempting to have prejudicial information removed from his credit record and file. After several meetings Jackson paid $200 to Bland to have the bad references removed. Immediately after the payment Jackson received a credit printout showing the removal of the bad references, and he applied for a credit card with a Richmond clothing store. Jackson had given Bland a piece of paper containing his name, date of birth, address, and social security number so that his file could be properly identified.
 
 
 3
 At trial the appellant admitted that he had been to the Credit Bureau and gone over his credit report in detail. He was aware of several bad credit references, he was behind on a bank loan and Western Auto was about to obtain a judgment against him on an account due. He stated that this information would stay in his file for seven years, and although he was aware of procedures that could be used to challenge incorrect information, he had not resorted to such procedures. He had also made a statement to a U.S. Secret Service Agent in which he acknowledged that he knew that his credit report had been altered so as to remove the bad credit references.
 
 
 4
 Due to the large number of persons involved in similar schemes, and the shortage of Assistant United States Attorneys in the Richmond office, the attorney handling this case for the government met with attorneys representing all of the defendants in the latter part of March, 1987 and advised them that he would make the same plea bargain offer to all defendants. This offer was to accept a plea as to one felony count, with the understanding that all other felony counts would be dismissed. He advised that there would be no retreat from the requirement of a plea to one felony count, and those who did not plead would be reindicted and possibly new counts would be added to the new indictment. A number of pleas of guilty resulted from this offer, but the appellant elected to plead not guilty. The original indictment as to him was dismissed on April 7, 1987, and on October 28, 1987 he was indicted on three counts. At that time he entered a plea of not guilty and signed a waiver of his right to a jury trial. He and his attorney was advised at the time that his trial would commence on December 22, 1987.
 
 
 5
 Shortly after the new indictment, appellant's attorney made a motion to dismiss the indictment on the grounds of delay. This motion was argued on December 4 and it was denied. During the discussion of this motion the judge stated that he was familiar with these cases because he had tried several of them. On December 16, a Thursday, appellant made a motion to withdraw his waiver of a trial by jury. This motion was heard and denied on Friday, December 17.
 
 
 6
 In denying the motion to withdraw the waiver for a trial by jury the court stated:
 
 
 7
 The defendant's motion for leave to withdraw his waiver of a trial by jury is denied. The waiver was knowingly and voluntarily executed on October 28, 1987. The motion for leave to withdraw was filed less than a week before the actual trial is to commence.
 
 
 8
 I have no difficulty at all in stating that the logistics of trial by jury are vastly different from a bench trial, and that I would be obligated to grant the government's motion for a continuance if I now set the case for trial by jury. Because I have arranged my docket in such a fashion that this would be inconvenient for the court, and it would mess up the system to continue the case, that is one of the reasons that I am denying the motion.
 
 
 9
 There is no doubt in my mind that demonstrative evidence and things of that nature are vastly different in a trial to a jury than one to the bench. While I have some background in this case, I want the record to show that I rather suspect that Mr. Jackson's motion was precipitated by the fact that I have presided over a bench trial about a week ago, one of the people involved in this case, and found that individual guilty. I have no predilections about the case at all, because in that case the defendant didn't put up any evidence or didn't testify. So there was no basis for making the finding of anything but guilt.
 
 
 10
 I can concede that on a bench trial or a jury trial that you can marshal evidence here by a defendant if you want to testify that would put grave doubts on whether the government has proven some elements of the crime that he is charged with.
 
 
 11
 In any event, I don't think that lawyers and intelligent people, like Mr. Jackson, ought to be able to play games with the court and run the trial balloon by waiving a trial by jury and then sandbag the court and the government by coming in at the last minute and saying, we don't like the way things have been going, and even though we knowingly, willfully, and voluntarily waived that right to trial by jury and everybody else relied upon that, that we now want to play games and we are withdrawing that waiver. The system would break down if you permit that sort of looseness by litigant and their lawyers. I am not of the mind to do it.
 
 
 12
 An order denying the motion will be entered and counsel will receive a copy of it, and we will go to trial on a bench trial on Tuesday as scheduled. App. at 79-80.
 
 II
 
 13
 Appellant claims that there was an unreasonable delay in reindicting him and in bringing him to trial. He claims that under Federal Rule of Criminal Procedure 48(b)[1] the trial court should have dismissed the superseding indictment. He does not claim that the length of the delay violated his Sixth Amendment right to a speedy trial.
 
 
 14
 Under Rule 48(a) the U.S. Attorney had the right to dismiss the indictment with the leave of court. Jackson and his attorney were advised in March 1987 that if the plea bargain offer was refused, the government would dismiss the original one count indictment and thereafter seek a superseding indictment containing additional counts. This was done. The district court denied the motion by the appellant to dismiss under Rule 48 and found that the delay was not unreasonable and that the action of the United States Attorney's office in trying to dispose of the entire group of cases by plea bargain was an option available to the prosecutor, and the use of this option was not unlawful.
 
 
 15
 Since the appellant does not claim a violation of his constitutional right to a speedy trial, and since he does not claim, and the facts would not support a violation of the Speedy Trial Act, 18 U.S.C. Sec. 3161 et seq., his motion to dismiss is addressed to the sound discretion of the district court, and on the present facts we find no abuse of discretion.
 
 
 16
 Appellant also claims that substituting a three count indictment for one count indictment made the second indictment multiplicious. The superseding indictment charged a conspiracy plus two substantive wire fraud counts. In United States v. Ponder, 522 F.2d 941 (4th Cir.1975), we held that the prosecution may elect to charge defendant under one or more statutes for a single offense if the offense overlaps or involves more than one statute. It is also necessary that each offense require proof of some fact that the other does not. Under the superseding indictment the first count required a proof of a conspiracy of which the appellant was a member, while the additional counts charged violations of 18 U.S.C. Sec. 1343 on two separate dates. As a result the charges are not multiplicious.
 
 III
 
 17
 The appellant knowingly and voluntarily waived his right to a trial by jury. This waiver was in writing and was signed by Jackson, his attorney, the Assistant United States Attorney and the trial judge. Appellant is intelligent and he understood the consequences of his action. He was aware that there were a number of other people charged with the same type of wire fraud, and that some of these persons had entered pleas of guilty and that others had gone to trial or were in preparation for trial.
 
 
 18
 On October 28, 1987, when he and his attorney agreed to a bench trial, they were advised that the trial date was December 22, 1987, and they knew the identity of the trial judge. On November 9, 1987, appellant filed a motion to dismiss the superseding indictment based upon pre-accusatory delay, prosecutorial vindictiveness and a multiplicious indictment. There was no mention in this motion, or in the argument of it on December 4, 1987, of any second thoughts by the appellant on his decision to have a bench trial. The motion to dismiss was denied immediately following argument, but there was nothing said at that time about a desire to withdraw the waiver of a jury trial. It was not until twelve days later, and only a few days before the trial date, that the motion to withdraw the waiver was made. The motion was heard the following day and denied.
 
 
 19
 In Wyatt v. United States, 591 F.2d 260 (4th Cir.1979), we held that the motion to withdraw a waiver of trial by jury is committed to the discretion of the district judge. Upon the examination of the record in this case, we cannot find an abuse of discretion. The reasons given by the district judge are set forth above. While we feel that the right to a trial by jury should take precedence over the convenience of the court and the normal concern of the judge in moving the court's docket with dispatch, these are not the only reasons given by the trial judge for refusing the motion. He was convinced from his familiarity with this case and the other cases arising on similar facts, that the appellant was trying to take advantage of the court by asking for a bench trial, and then after seeing the results of some of the bench trials, changing his position and asking for a jury trial. The trial judge was on the scene and his observations and conclusions are entitled to deference. On the present record we cannot find that he abused his discretion in refusing to allow the appellant to withdraw his waiver of a trial by jury.
 
 IV
 
 20
 We find no merit to the remaining claims. There was abundant evidence to prove all of the essential elements of the crimes charged and upon which Jackson was convicted.
 
 
 21
 The exhibit containing the name, address, date of birth and serial number of Jackson was not identified by the government witness until the night before the trial, and it was produced to the appellant's attorney prior to trial the next morning. We find no error or abuse of discretion in the trial judge allowing this exhibit to be admitted.
 
 
 22
 AFFIRMED.
 
 WILKINSON, Circuit Judge, dissenting:
 
 23
 I respectfully dissent. I believe the district court abused its discretion in denying defendant's motion to withdraw his waiver of a trial by jury.
 
 
 24
 On October 19, 1987, Leon Jackson was indicted for his alleged participation in a wire fraud scheme. On October 28, 1987, he pleaded not guilty and waived his right to trial by jury. He subsequently moved to dismiss the indictment based on prosecutorial delay. During the argument of this motion, the district judge stated that he was familiar with the facts of the case because he had presided over "twenty or thirty" of them. After hearing this, Jackson appeared to believe that a jury of his peers would better understand his position. The prospect that a jury may bring a fresh pair of eyes to a case a judge believes he has seen many times before is implicit in the Sixth Amendment guarantee. Jackson therefore moved to withdraw his waiver.
 
 
 25
 The government did not oppose the motion, but requested a continuance if the court were to allow Jackson to withdraw his jury trial waiver. In response to Jackson's motion, the district judge stated that he would feel obligated to grant the government a continuance if he allowed withdrawal of the waiver and set the case for trial by jury. Because he had arranged his docket in such a fashion that it would be "inconvenient" for the court and would "mess up the system" to continue the case, he denied Jackson's motion.
 
 
 26
 The effect of the withdrawal motion on the district court's docket, however, is not alone dispositive. Jackson's motion was filed nearly a week before the scheduled trial date. The government did not oppose the motion and there is no indication in the record that the government would have been prejudiced by granting it. The trial would have been a straightforward proceeding; it included the testimony of only six witnesses including appellant; and it consumed no more than a day of the district court's calendar. While I do not minimize concerns for convenience, such considerations here do not override the vindication of the constitutional right.
 
 
 27
 I would reverse the judgment of the district court and remand this case for trial by jury.
 
 
 
 [1]
 Rule 48. Dismissal
 (a) By Attorney for Government. The Attorney General or the United States Attorney may by leave of Court file a dismissal of an indictment, information or complaint and the prosecution shall there upon terminate. Such a dismissal may be filed during the trial without the consent of the defendant.
 (b) By Court. If there is unnecessary delay in presenting the charge to a grand jury or in filing an information against a defendant who has been held to answer to the district court, or if there is unnecessary delay in bringing the defendant to trial, the court may dismiss the indictment, information or complaint.